# State *v.* Bley.

*Proceedings to Assess Taxes.*

(Decided April 23, 1909.   Rehearing denied June 30, 1909.
50 South. 263.)

1. *Constitutional Law; Legislative Power.*—There is no limit to the legislative power of the state government except that written in the state and federal constitution.

2. *Same; Right of Trial by Jury.*—The constitutional right to trial by jury is not an enlargement of the right nor does it extend to cases in which it did not exist at the time of the adoption of the constitution; it does not extend to taxation proceedings.

3. *Same; Assessment of Taxes; Due Process; Procedure.*—It is not necessary to due process of law that the owner of property sought to

[State v. Bley.]

be assessed for taxes should be given an opportunity to have the assessment reviewed by the court, or should have the right of appeal; it is sufficient that he be afforded a right to be heard before some tribunal or board in resistance of the tax.

4. *Same; Valuation.*—Taxes being recoverable without judge or jury, the valuation of property for taxation is not such an exercise of judicial authority as necessarily involves the right of appeal to a judicial tribunal.

5. *Same; Assessment; Appeals.*—Acts of Sept. 30, 1903, (General Acts 1903, p. 295) authorizing the tax commissioner to appeal from an order of the commissioners' court dismissing the assessment, is not unconstitutional for a failure to afford an equal opportunity of appeal to the taxpayer.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Proceedings by the state against Isadore Bley for taxation of bank stock. The commissioners' court dismissed the proceedings and the state appealed to the circuit court, where the proceedings were also dismissed, and from this order the state appeals. Reversed and remanded.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, and WILLIAM CUNNINGHAM, for the state. The court erred in dismissing the appeal. The right of appeal exists in favor of either party and the act was not rendered unconstitutional by the fact that the tax commissioner was given longer to appeal than the taxpayer.—*State v. Allen,* 44 South. 564; Acts 1903, p. 295. The state is not bound by the same rules as individuals.—*Ex parte McDonald,* 76 Ala. 603. As to the assessment of the stock see.—65 Ala. 628.

DEGRAFFENRIED & EVANS, for appellee. The Act making such a discremination against the taxpayer, is void —*S. & N. Ala. Ry. Co. v. Morris,* 65 Ala. 193; Secs. 2, 11, 14, Const. 1875; *Wally v. Kennedy,* 2 Yeager, 544;

*Holden v. James,* 6 Am. Dec. 174; *Durkee v. Gainesville,* 28 Wis. 464. See also, 92 U. S. 542; 75 Ala. 442; 87 Ala. 370.

SAYRE, J.—In the year 1906, the tax commissioner of Marengo county commenced a proceeding before the court of county commissioners against the appellee to require him to assess for taxation certain shares of the capital stock of a national bank at Demopolis. At the hearing the proceeding was dismissed on the ground that the stock had been already assessed. Within 10 days of the judgment, the state sued out an appeal to the circuit court. On motion in the circuit court the appeal was dismissed.

Section 1 of the act approved September 30, 1903 (Gen. Acts 1903, p. 295), provided that from the order of the court of county commissioners disposing of an additional assessment reported to that court by the tax commissioner the tax commissioner might appeal within ten days to the circuit court. It appears that the circuit court, in dismissing the appeal on the motion of the appellee, went upon the theory that the provision of the act referred to was unconstitutional and void, for the reason that it did not afford to the parties an equal opportunity to appeal. The argument in the beginning is that the state may not discriminate between parties. The full force and effect of this argument must be conceded in its application to judicial causes pending between private parties. But the tax commissioner proceeds under the statute as an officer of the state, and in the interest of the state, in the exercise of one among the highest attributes of sovereignty, the imposition of taxes. In *Ex parte Macdonald,* 76 Ala. 603, it was argued that the statute which authorizes suits to be brought in the name of the state without giving bond

or security, or causing affidavit to be made, though the same may be required in actions between private citizens, was unconstitutional as dispensing with due process of law. This court responded to the argument in this language: "The objection, then, reduces itself to the proposition that the state must enter its own courts upon terms of perfect equality with its own citizens, and that the phrase 'due process of law' carries with it the essential idea that the Legislature can enact no law under which benefits can be claimed for the sovereign that are denied to the citizen. To state such a proposition is to deny it." A familiar example of the asserted prerogative of the state is to be found in the fact that, constitutional provision apart, it is not liable to suit in ordinary cases unless by its own consent. Likewise, in pursuance of the principle that the sovereign can do no wrong, applicable to republican forms of government, it has always been held that the state may deny its remedies to slothful persons having grievances, and so secure the repose of society, by the enactment of statutes of limitation by which it is not itself bound unless by its own express consent. "Nullum tempus occurrit regi." Other examples of the same prerogative are to be found mentioned in *Ex parte Macdonald, supra.*

It has been mooted whether, when the state goes into its own courts to contest with the private citizen matters not affecting its sovereign powers, as where, for example, it contests with a citizen the ownership of property or rights growing out of contract, its prerogative ought not to be abated, so as to put it upon a footing of equality with the private citizen in the assertion of such rights; but that question is not raised here, and, of course, is not to be decided. The general principle hereinbefore referred to, which is a partial expression

of the doctrine that there are no limits to the legislative power of the state government save such as are written upon the pages of the state or federal Constitution, must be conclusive against the appellee's right to have the state's appeal dismissed out of the circuit court for the reason upon which it proceeded, unless his further contention that the Constitution secures to him, in common with all private parties litigant, the right of appeal absolutely, or, in any event, an appeal in order that the constitutional guaranty of trial by jury may not be impaired.

By the Constitution the right of trial by jury is made inviolate. The settled construction of this provision is that it does not enlarge the right of trial by jury, nor extend it to cases where no such right existed prior to the Constitution.—*Tims v. State,* 26 Ala. 165; *Thomas v. Bibb,* 44 Ala. 721; *Montgomery & Fla. Ry. Co. v. McKenzie,* 85 Ala. 546, 5 South. 322. The appellee will find that the issue made by him—or, rather, which might have been made by him on the hearing of the proceeding before the court of county commissioners—belongs to that class of cases in which the right of trial by jury has never existed. The dependence of government upon taxation is such as to exclude the idea. A tax is a charge levied by the sovereign power upon persons and property for the support of government and for public purposes. Judge Cooley, in his work on Taxation, after pointing out the desirability, and frequently the necessity, of the prompt payment of taxes in order that the government may be maintained, and that this consideration leaves no room for the supposition that the dilatory proceedings incident to forms of process and trial by jury were within the contemplation of the people when consenting to any general provision of the Constitution, says that: "It is

safer, and, we believe, more correct, to say that our Constitutions have been framed and agreed upon in view of an immemorial practice and rule of government, under which the whole subject has been intrusted to the legislative department; and they are to be understood and construed in the light of that practice, wherever the people have not expressly undertaken to change it." Many cases, cited to the text of Judge Cooley's work, show that to hold the right of trial by jury to be applicable to tax cases would work a radical change in the principles upon which taxation is supposed to rest. "It would cripple the legislative power, and subject the action of the department whose function it is to make laws on its own views of the questions of public interest and public policy which the laws involve, to a review and possible reversal at the hands of a jury. It would not so much strengthen the judicial department as it would weaken the legislative; for the courts themselves, though juries sit with and as a part of them, are compelled to recognize a large degree of independence in the action of these assistants. Such independence is often useful, and never can be seriously detrimental, when a verdict determines a single controversy only; but to make juries the assessors of the claims of the state upon individuals could only introduce anarchy."

The court of county commissioners sits, as a board of assessment and equalization to hear complaints against valuation by property owners and by the state. It is an assessing board, with powers quasi judicial only. If the assessed valuation is too great, or too small, the assessment is erroneous only, not void.—*Collins v. Keokuk*, 118 Iowa, 30, 91 N. W. 791; *Holland v. Mayor*, 69 Am. Dec. 198, note. We do not question the right of the taxpayer to attack an assessment void because

some principle of law is violated in making it; but it does not seem ever to have been held that because a right of appeal from an assessment is not given by law, the taxpayer having had an opportunity to be there heard, a tax levied upon such assessment is void. Nor is it necessary to due process of law that the owner of property be given the opportunity to have an assessment reviewed by the courts. The valuation of property is not such exercise of judicial authority as necessarily involves the right of appeal to judicial tribunals.—27 A. & E. Ency. 718; 1 Cooley, Tax. p. 64. In *Harris v. Wood,* 6 T. B. Mon. (Ky.) 641, it is remarked that taxes are recoverable, not only without a jury, but without a judge. In *Springer v. United States,* 102 U. S. 586, 26 L. Ed. 253, it is said: "The idea that every taxpayer is entitled to the delays of litigation is unreason." The right of appeal is purely statutory. Unless the Constitution so prescribes, an act is not invalid because not providing for an appeal.—2 Cooley, Tax. 1393, 1394. Concessions made to the taxpayer along this line are concessions of favor, not of right, and their extent rests in legislative discretion.

For the reasons and on the authorities hereinbefore set out and cited, we do not see our way clear to a declaration that the act authorizing proceedings by the tax commissioner to correct undervaluations of property, as that act was at the time the proceeding in this cause was commenced, was unconstitutional for any ground urged against it. Under section 2252 of the Code of 1907, the discrimination complained of no longer exists.

We have been unable to consult the case of *People v. Sholem* (Ill.) 87 N. E. 390, much urged upon our attention by appellee; that volume of the Northeastern Reporter not having yet reached our library, and the advance sheet containing the opinion in that case hav-

ing been mislaid. We have, however, consulted the other cases from the Illinois courts, cited by appellee, and find nothing to the contrary of what we have written.

Our conclusion is that the certiorari was improperly dismissed by the trial court, and the judgment of the circuit court to that effect is reversed and remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.