# State Tax Commission *v.* Bailey & Howard.

## *Mandamus.*

(Decided December 19, 1912. Rehearing denied February 6, 1913. 60 South. 913.)

1. *Taxation; Power of State.*—As long as it is acting within constitutional limitations, the legislature has the inherent power to provide for the levy and assessment of taxes.

2. *Same; State Tax Commission; Power; Appeal.*—Under subdivision 13, of section 2223, Code 1907, as amended by Acts 1911, subdivision 36b, page 188, the State Tax Commission may revise a valuation fixed by the Commissioners' Court, as such valuation is not on "appeal," and may raise a tax assessed for the current year, unless a valuation has been fixed for the next preceding year by

[State Tax Commission v. Bailey & Howard.]

the state or county commissioner, or by the judgment of a court of record.

3. *Same; Assessment; Repeal of Statute; Right of State.*—Section 2252, Code 1907, was repealed by Acts 1911, p. 159, and the state now has no right of appeal from a judgment of the court of county commissioners; the right resting alone in the taxpayer.

4. *Same; Review; Time.*—Under section 2265, Code 1907, it is not necessary that the State Tax Commission exercise its revisory powers within thirty days, or that its re-assessment or re-valuation should be made before the expiration of the tax year.

5. *Same; Vacation of Assessment; Notice.*—Under section 139, Constitution 1901, and section 2265, Code 1907, the State Tax Commission may vacate the order or finding of the Commissioners' Court without notice to the tax payer, provided the tax payer is given notice before the final assessment is made.

6. *Constitutional Law; Taxation; Judicial Powers.*—Section 2223, subdivision 13, Code 1907, as amended by Acts, 1911, subdiv. 36b. p. 188, is not in conflict with section 43, Constitution 1901, since the acts of a Board of Revenue, or of a Commissioners' Court, in fixing a tax valuation, and the acts of the State Tax Commission in vacating the assessments and re-assessing the property, are both judicial in their nature.

7. *Same; Due Process; Notice of Taxation.*—The constitutional requirement of due process of law applies to tax proceedings, and it is necessary that the taxpayer shall have an opportunity to be heard in opposition to an assessment or valuation before his liability is conclusively fixed, but this requirement is fully met by section 2228, Code 1907, requiring thirty days' notice to the owner before his property can be re-assessed, after its assessment has been vacated by the State Tax Commission.

8. *Same; Construction.*—In construing the statutes or Code sections, defining the powers of the State Tax Commission all doubtful constitutional questions will be resolved in favor of the law, and it will be construed with such breadth as is consistent to effectuate the legislative intent.

9. *Prohibition; Grounds.*—Prohibition lies to restrain judicial acts, and not to restrain ministerial acts, although performed by the judge.

10. *Same.*—A judicial officer or body will not be restrained by prohibition from doing an unauthorized act, unless the act is of a judicial nature.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Petition for mandamus, filed by Bailey & Howard as trustees, against the Alabama State Tax Commission, and the individual members thereof, to prohibit them from increasing taxes. From a judgment grant-

ing the writ, the Commission appeals. Reversed and rendered, dismissing the petition.

The facts set forth in the petition are that petitioners were owners of certain property in Jefferson county, Ala., therein described; that they assessed it for taxes at a valuation satisfactory to the tax assessor of said county, but that the back tax commissioner for said county was not satisfied with said assessment, and filed the proper papers with the board of revenue, of which petitioners had legal notice, and that the board of revenue after rehearing on the merits raised the assessment, and fixed it at a valuation of $9,600. That after the board of revenue had adjourned, and after a time when the board of revenue had no authority to reopen and rehear said cause, the State Tax Commission of Alabama came to Birmingham, and without notice to petitioners, and without convening the board of revenue, entered an order setting aside and annulling the assessment fixed by the board of revenue, and raised and assessed said property at a valuation of $15,500, and issued notice to the petitioner to appear at a subsequent time to show cause why, if any he could, the assessment as fixed by the State Tax Commission should not remain as the proper sum for assessment of said property for the coming tax year. It is alleged that no authority rested in the Commissioners to do this, and that no notice was given petitioner of their purpose or intention to so act. It is then alleged that the action of the board of revenue was final, and that it was not within the power of the Commission to annul and set aside such action, as no such power then rested in the board of revenue itself. The demurrers take the point discussed and decided in the opinion. The court granted the writ, and entered an order restraining the Tax Commission, from which order this appeal is taken.

[State Tax Commission v. Bailey & Howard.]

STALLINGS & DRENNEN, and FRANK S. WHITE & SONS, for appellant. The day of hearing was not commensurate with the time allowed by law to answer.—Local Laws, Jefferson County, p. 700. Granting due proceeds the writ of prohibition is not the proper remedy. —*Ex parte Walker,* 25 Ala. 100; *Ex parte Lyon,* 60 Ala. 654; *Ex parte Green & Graham,* 29 Ala. 58; *Hill v. Tarver,* 130 Ala. 595; *Brickley v. Brickley,* 129 Ala. 406. The petitioners have a clear right to appeal.— Sections 2229 and 2234, Code 1907. A substantial defense on the merits is afforded by the statutes at large by virtue of which the Tax Commission takes its life and derives its powers.—Section 2210-2267, Code 1907; Gen. Acts 1911, p. 159. There is nothing in the petition for the writ that will authorize an interference with the State Tax Commission in the exercise of its duty.—16 Ency. Pl. & Pr. 1108; 54 Ala. 504; 55 South. 883; 41 South. 296; 62 Ala. 285; 62 Ala. 414; 89 Ala. 177; 66 Ala. 453; 102 Ala. 558; 58 South. 297; 54 Ala. 509; 65 Ala. 564.

R. B. SMYER and A. G. & E. D. SMITH, for appellee. The State Tax Commission had no jurisdiction to take the action complained of or if it had jurisdiction it was acting in excess thereof; first, because the court of commissioners is a court of record and the duties performed relative to tax matters are purely judicial in character.—*Crenshaw Co. v. Sykes,* 113 Ala. 626; sections 2261, 2262, 2264 and 2265, Code 1907; 25 Hun. 614; 35 N. Y. 238; 75 N. Y. 30; 58 N. H. 580; 107 N. W. 635; 53 Atl. 5; 66 N. W. 130; 7 L. R. A. 694; 3 N. E. 363. We think it clear therefore, that the action of the board was a judicial function and that the remedy applied for was the proper remedy.—*State v. Sloss-Sheffield,* 162 Ala. 234; *Hooper v. State,* 141 Ala. 111; *Tenn. C. I. & R. R. Co. v. State,* 141 Ala. 102.

The Legislature cannot give the State Tax Commission power to set aside judgment of the board of revenue which is the judgment of a court.—Section 43 Constitution 1901; *Sanders v. Cabaniss,* 43 Ala. 173; *W. U. Tel. Co. v. Meyer,* 98 Fed. 335; section 2265, Code 1907. Even if the State Tax Commission is a purely judicial body the only proceedings they could institute would have been a motion for a new trial before the Board of Revenue and no motion was made, and even if it had been, no notice was given appellee as is required. —Section 4142, Code, 1907; sections 6 and 13, Constitution, 1901; *Betancourt v. Everlin,* 71 Ala. 461. If this is a new form of judicial review neither the statute which gives the power nor the manner in which the power was exercised is constitutional as the action is entirely ex parte and was without notice of any kind or character. The provisions of section 2208, Code 1907, goes beyond the limits even in tax proceedings. —*State v. Bley,* 50 South. 263; 207 U. S. 127; 13 Fed. 722; 131 N. W. 1034; 55 Ala. 654; 8 Pac. 381; 34 N. E. 444; 24 N. E. 83; 67 Atl. 38; 5. L. R. A. 92; 50 N. E. 749. Under these authorities this section of the Code must be held to deny due process of law. It therefore appears that the State Tax Commission was wholly without jurisdiction and that their proceedings were entirely void as distinguished from being merely an error.—*Morgan v. Smith,* 23 Ala. 24. As to prohibition being the proper remedy counsel cites the following additional authorities: 32 Cyc. 624; 32 South. 335; 3 L. R. A. 341; 38 Pac. 580; 69 Pac. 242; 24 South. 160; 84 S. W. 21; 46 S. E. 144; *Hill v. Tarver,* 130 Ala. 592; *Ex parte B. & A. Ry. Co.,* 145 Ala. 514; *Styles v. C. C. & I. Ry. Co.,* 129 Ala. 691; *B. R. & E. Co. v. B. T. Co.,* 121 Ala. 474; *Williams v. The State,* 43 South. 490.

ANDERSON, J.—The Legislature has the inherent right to provide for the levy and assessment of taxes so long as acting within the limits of the Constitution, and in pursuance of this authority has created a State Tax Commission, with general supervisory powers over all subordinate officers charged with the assessment of taxes and the valuation of property. These powers are set forth in section 2223 of the Code of 1907. Subdivision 13 of said section authorizes the State Tax Commissioners to "set aside and hold for naught any valuation or assessment of property made by any county officer within this state or by any board of revenue or court of county commissioners, or by any other officers authorized to make assessments, and to reassess or revalue said property whether the original valuation or assessment be made by the property owner or by an officer of the state or of any county board of revenue or court of county commissioners of the several counties in this state, unless the valuation or assessment shall have been previously, in the same tax year, confirmed or determined by a court of record on appeal." The State Tax Commission has no right to disturb a valuation fixed during the same tax year by a court of record, upon appeal, but this does not, of course, apply to a valuation fixed by the commissioners' court, as the valuation by said court is not upon appeal. Therefore the right of the State Tax Commission to revise assessments is not limited as to assessments fixed by officers, boards, or courts, except upon appeal in the circuit court or court of like jurisdiction, and the only limitation of their right was contained in section 2232 of the Code of 1907, amended by subdivision 36d, Acts 1911, p. 188, and which says: "When any assessment has been made or valuation fixed by the State Tax Commission or by a county tax commissioner or by the

judgment of any court of record, the property so as-
sessed, shall not be assessed at any greater or less val-
uation or for any greater or less amount for the next
succeeding year, unless there shall be a change in the
condition of improvements on said property, in which
event the assessment may be increased or reduced to the
extent only of the increase or reduction of the value of
the improvements." This restriction does not prevent
the State Tax Commission from raising the tax dur-
ing the current year as assessed for said year, unless
the valuation had been fixed by the state or county tax
commission, or by a judgment of a court of record for
the next preceding year. Subdivision 13 of section
2223, among other things, authorizes the State Tax
Commission "to set aside and hold for naught any
valuation or assessment of property made by any coun-
ty officer within this state or by any board of revenue
or court of county- commissioners, or by any other of-
ficers authorized to make assessments."

It must be noted that the State Tax Commission have
the authority to set aside a final assessment made by
the commissioners' court, and in doing this there is no
invasion by one department of the state of the prov-
ince of another, as prohibited by section 43 of the Con-
stitution. If the act of the board of revenue or com-
missioners' court in fixing the valuation is a judicial
act, then the act of the state board in vacating same
and reassessing the property is also a judicial act. On
the other hand, if we concede the appellee's contention
that the action of the state board is not judicial, but is
a ministerial act of legislative or executive character,
the concession would put the petitioner (the appellee
here) out of court. "Prohibition is to restrain judicial,
and not ministerial, acts, though performed by judges."
*Goodwin v. State*, 145 Ala. 536, 40 South. 122. We

think, however, that the action of both boards is judicial in character, and that the Legislature is not prohibited by section 43 of the Constitution from authorizing one to revise, review, or annul the action of the other, and this authority is given the State Tax Commission with reference to all other subordinate boards or officers charged with the duty of assessing taxes and valuing property. "The State Board of Equalization, in exercising the functions conferred upon it by law, is exercising judicial functions."—*Orr v. State,* 3 Idaho (Hasb.) 190, 28 Pac. 416.

The state has no right of appeal from the judgment of the commissioners' court, as section 2252 of the Code of 1907 was held to have been repealed by the act of 1911 (Laws 1911, pp. 159-191) in so far as the state was given the right of appeal.—*State v. Ide Cotton Mills,* 175 Ala. 539, 57 South. 481. This right was doubtless taken from the state by said act for the obvious reason that the Legislature gave the State Tax Commissioners the authority to protect the state against arbitrary or unjust actions of the commissioners' court or board of revenue, by setting aside said assessments or valuations.

It may be true, that the statute does not require notice to the owner before setting aside the order of the commissioners' court or board of revenue, but the owner can take nothing by this, as he is not thereby damaged, and cannot be, unless the reassessment raises the valuation of his property and increases his tax, and the statute (section 2288) does require 30 days' notice before the property can be reassessed, and which was given in the present case. No doubt the constitutional requirement of "due process of law" applies to tax proceedings, and it is necessary that the taxpayer shall have opportunity to be heard in opposition to the as-

sessment or valuation before his liability is conclusively fixed (37 Cyc. 1082), yet section 2228 fully meets this requirement by providing 30 days' notice to the owner before the reassessment or revaluation by the State Tax Commissioners.

Section 2265 makes every assessment passed upon by the court of county commissioners final, and gives it the force and effect of a judgment, unless reopened or revised by order of the State Tax Commission, or unless an appeal is taken by the owner within the time prescribed for taking appeals. The statute fixes no limitation as to the time within which the State Tax Commission must act, but it is suggested that it should be done, if at all, within 30 days, for the reason that if said time limit is not fixed, they could set aside said order after the owner had taken an appeal to the circuit court or court of like jurisdiction. The answer to this is that the State Commission might not desire to set it aside until after they found out that the owner was not going to appeal, and would not wish to do so after he had appealed, for the appeal would get the matter in the same tribunal to which it would go in case the owner appealed from the order of the State Tax Commission, and with which said tribunal the interest of the state would have to rest in the end. Again, the owner would not be apt to appeal if the valuation pleased him, but the State Tax Commission would have the right to wait until his time to appeal expired, expecting to protect the interest of the state in the trial court if an appeal is taken, or by setting aside the order and reassessing the property in case the owner does not appeal.

As to whether or not an assessment may be set aside, after the 1st of October succeeding the expiration of the tax year, we need not decide, as the order of the commissioners' court, in the present instance, was set

aside before the expiration of the tax year, and after this was done there was no existing assessment to become final upon the expiration of the said tax year. Nor did the setting aside of this order reinstate the assessment made by the tax assessor. The matter stood just as if no assessment had been made, and there was nothing to become final upon the expiration of the tax year; for, if they set it aside, it was held for naught, and they reassess it at any subsequent time, whether within the tax year or not, just as any escape tax could be assessed and collected. This board was created for the purpose of exercising a general superintendence and supervision over the assessment and collection of taxes throughout the entire state, and it was not contemplated that dereliction on the part of their subordinates would result only in a single county, or that the State Commission could exercise its revisory powers in all the counties between the determination of the county commissioners and the 1st of the succeeding October; and, while it may be that said orders had to be set aside before the 1st of October, it is not required that the reassessment and revaluation by the State Commission should be made before that date. It being highly important to the state that tax values should be fair and equal, as well as to the citizens of each county that the burdens of taxation should be equitably borne by property owners in every county, the law not only provides for annual visitations, but contemplates that these officials should have time and opportunity to pass upon the findings of the county commissioners and boards of revenue in every county in the state, if necessary, and we cannot construe the statute so as to cut off their right to revalue or reassess after the expiration of the tax year, especially when they have set aside the assessment during the tax year. In construing this stat-

ute, all constitutional questions that are reasonably doubtful should be resolved in favor of the law, and it should be construed with such breadth and elasticity as to effectuate the legislative intent. As the acts complained of were within the jurisdiction of the State Commissioners, and who had taken the essential steps to acquire and exercise said jurisdiction, the petitioners were not entitled to the writ of prohibition, and the demurrers proceeding upon this theory of the case should have been sustained.

We do not wish to be understood as holding that there is no merit in appellant's other points, by putting this case off on its merits, for if there was, a decision of same is unnecessary, since the same conclusion can be reached upon the merits of the controversy.

The judgment of the circuit court is reversed in overruling the respondent's demurrer proceeding upon the ground discussed, and a judgment is here rendered sustaining said demurrer, and as it goes to the very life of the petition, the same is hereby dismissed.

Reversed and rendered.

MAYFIELD, SOMERVILLE, and DE GRAFFENRIED, JJ., concur.

### ON REHEARING.

ANDERSON, J.—Section 139 of the Constitution of 1901 not only vests the judicial powers of the state in the officers therein enumerated, but also in such persons as may be by law invested with powers of a judicial nature. Our present Constitution not only permits the Legislature to create a State Tax Commission, but authorizes it to be invested with judicial powers. We are not concerned with the fact as to whether or not

the commissioners' court is one of record, or whether or not its judgments, when made final, except upon appeals, could or could not be revised, except by a court, as this last point might be conceded without affecting the present question. In any event, the commissioners' court is of limited jurisdiction, and derives its power to fix or revise assessments of property solely from the statute, and its orders or judgments in this particular are not made final except in the event that no appeal is taken, or in case the same is not reopened or revised by the State Tax Commission.—Section 2265 of the Code of 1907. In other words, the power of the commissioners' court to act in this respect is derived from the Legislature, and in granting the right to so act the power to revise the finding is expressly reserved to the State Tax Commission, and it has the right to vacate the order or finding of the commissioners' court, without notice to the taxpayer, so long as he is given notice before the final assessment is made.—*Hacker v. Howe,* 72 Neb. 386, 101 N. W. 255.

The case of *Sanders v. Cabaniss,* 43 Ala. 173, involved a question unlike the foregoing. There the Legislature undertook by an act to annul and vacate final judgments of courts. Here the Legislature created a body with judicial functions as to the assessment of property, and gave the commissioners' court the authority to act only subject to the revisory power delegated to the State Tax Commission.

We repeat, that unless the act sought to be restrained was judicial, or quasi judicial, as distinguished from a legislative or ministerial act, prohibition is not the proper remedy to prevent action. We do not dispute the proposition that if a judicial body usurps its functions it can be restrained by the writ of prohibition, but the thing that it does or attempts, and which consti-

tutes the usurpation, must be judicial in character and not legislative or ministerial. A judicial officer or body will not be restrained by the writ of prohibition from doing an act although unauthorized, unless the said act is of a judicial nature.—*Washington County v. Bowling,* 151 Ala. 561, 44 South. 465; *State v. Bradley,* 134 Ala. 549, 33 South. 339. It, therefore, follows as of necessity, that the act of the State Tax Commission in vacating the assessment of the commissioners' court and in reassessing the property must be judicial or quasi judicial, else it could not be restrained by the writ of prohibition.

Whether or not the statute, in authorizing a revision of the assessments of county boards, by the State Board (a matter in which the state is vitally interested) is an interference with local self-government is not, as suggested in brief of appellee's counsel, a question with which this court is concerned, so long as the statute does not violate the Constitution. Neither have we the right or desire to dictate to the said State Board the instances in which they should revise local assessments, as this is a matter to be addressed to its sound discretion in the conscientious discharge of official duty. We simply hold that the statute gives the authority to do so, and that said statute is not repugnant to the Constitution.

Application for rehearing denied.