# Blackshear Co. *v.* The State.

### Taxation.

(Decided February 10, 1916.  70 South. 965.)

1. **Taxation; Assessment; Compromise; Review.**—Considering subdivisions 1 and 13, § 2223, Code 1907, and § 2260, Code 1907, it is held that where a settlement was had between the county tax commissioner and the tax payer, the state tax commission could set same aside, and it was not intended by § 2260 that such a settlement should be binding.

2. **Same.**—Under such statutes the power of the State Tax Commission to set aside such an agreed assessment of escaped property, must be exercised within the current tax year.

[Blackshear Co. v. The State.]

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Proceeding by the State against the Blacksher Company. From an order sustaining a demurrer to the defendant's plea, the defendant appeals. Reversed and remanded.

In August, 1914, the county tax commissioner of Mobile county assessed as an escape the solvent credits of appellant for each of the 5 years from 1909 to 1914, inclusive, at $300 per year. He notified appellant of the assessment, and thereupon he and appellant agreed upon this assessment, and the taxes, fees, and costs based thereon were paid to the county tax collector on November 9, 1914. Thereafter, and on January 22, 1915, the state tax commission of Alabama, deeming the assessment too low, set the same aside, and made a new assessment against appellant of $10,000 on escaped solvent credits for each of the 5 years named. Appellant was duly cited to show cause why the said assessment should not be made against it, and, pursuant to such citation, it appeared before the said state tax commission and resisted the said assessment upon the ground that, under the provisions of section 2260 of the Code, the aforesaid agreement made with the county tax commissioner and the payment of the taxes to the county tax collector pursuant to such agreement, were conclusive and binding, and that the state tax commission had no authority to make another assessment. The state tax commission overruled this objection and made its assessment of $10,000 a year on solvent credits absolute. Appellant then appealed to the circuit court of Mobile county, and the case was afterwards removed by agreement to the law and equity court of Mobile, where it was tried and the assessment made final for $8,333.33 a year. Appellant there again relied upon the defense that the settlement made with the county tax commissioner was, by virtue of the provisions of section 2260 of the Code, final and binding upon the state, and that, on account of said section, the state tax commission had no authority to make the new assessment. This question is raised and presented by the sustaining of appellee's demurrer to appellant's plea No. 1, which, omitting caption and signature, is as follows: "(1) Comes the said Blacksher Company, hereinafter called defendant, and pleads and says that the state tax commission of Alabama has no authority or jurisdiction to make or maintain the assessment which it has made against the defendant upon solvent credits for the years 1909, 1910, 1911, 1912,

1913, and 1914, as set forth in the notice issued herein to said defendant by the said commission on the 22d day of January, 1915, which assessment is here and now being insisted upon by the said commission, for that in August, 1914, the county tax commissioner of Mobile county, Ala., assessed as escaped taxes the solvent credits of the defendant for each of the years above mentioned, and duly notified the said defendant of the said assessment, whereupon the said defendant agreed with said tax commisisoner upon an assessment of said defendant's solvent credits for each of the years mentioned, and, on November 9, 1914, paid the tax collector of Mobile county, Ala., the sum of $33.72, the same being the amount of taxes so assessed and the fees due by said defendant. Whereupon the said defendant says that it has fully paid and settled all taxes on solvent credits for which it is liable for each of the above-mentioned years, and that the said state tax commisison of Alabama has no jurisdiction to set aside, annul, or change the said settlement in any manner, or to assess any further taxes on solvent credits against said defendant for any of the years above mentioned."

STEVENS, McCORVEY & McLEOD, for appellant. W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General.

THOMAS, J.— (1) Section 2223 of the Code, in subdivision 1 thereof, confers on the state tax commission "general and complete supervision over the assessment and collection of taxes and the enforcement of the tax laws of the state, and over the several county tax assessors, tax collectors, and county tax commissioners," etc., and over "every state and county official charged with the duty of assessing, collecting, or enforcing the payment of taxes," etc., "to the end that all assessments on property," etc., "shall be made in exact proportion to the just and true value thereof," etc.

And said section further provides, in subdivision 13 thereof, that said state tax commission shall have authority "to assess, or to cause to be assessed by the proper officer, any property subject to taxation, and to set aside and hold for naught any valuation or assessment of property made by any county officer within this state or by any board * * * of county commissioners, or by any other officers authorized to make assessments, and

to reassess or revalue said property whether the original valuation or assessment be made by the property owner or by any officer of the state or of any county, or board of revenue, or court of county commissioners of the several counties in this state, unless the valuation of assessment shall have been previously in the same tax year confirmed or determined by a court of record on appeal," etc.

The appellant, by its plea 1, which is set out in the record, and to which the court sustained the state's demurrer, in effect asserts that not only is the state tax commission without authority, as expressly declared in the subdivision of the statute last quoted, to set aside an assessment which has been confirmed by a court of record on appeal, but are also without authority, on account of section 2260 of the Code, which appellant insists is a further limitation of the power conferred on said commission by said section 2223, to set aside an assessment that has been made by a county tax commissioner, provided the taxpayer assents to, or agrees with the commissioner on, the assessments and pays to the county tax collector the taxes due thereon.

We are of opinion that such contention is without merit.— *State Tax Commission v. Bailey & Howard*, 179 Ala. 620, 60 South. 913. Said section 2260 provides that: "Whenever it shall come to the knowledge of the [county tax] commissioners that any person or property within their respective counties has not been assessed with the tax or taxes for the current year, or for any previous year not more than five years before that time, he shall forthwith assess the same and deliver the assessment to the clerk of the court of county commissioners, or other court of like jurisdiction, unless the payer shall, upon being notified by the tax commissioner that he has made such assessment, agree with the tax commissioner upon the same, and shall pay the collector the amount of taxes and fees due by him."

It was not the object of this section, in declaring that, where an assessment made by a county tax commissioner has been assented to by the taxpayer and the taxes thereon paid to the collector, the commissioner need not report the assessment to the county board of revenue, or commissioners' court, to make such assessment conclusive on the state tax commission; but the object of the section, and of the subsequent sections, was to provide that an assessment made by a county tax commissioner was ineffective and could not be enforced, unless confirmed by the commis-

sioners' court, or court of like jurisdiction, except in cases where the taxpayer assented to the assessment and paid the taxes due thereon, and thereby saved the necessity for reporting the assessment and the obtaining of legal process to enforce it. If he did not both assent to the assessment and pay the taxes due thereon, then before the assessment could be enforced, it must be returned to and confirmed by the commissioners' court, or court of like jurisdiction, after notice to and a hearing of the taxpayer. If, on the other hand, the assessment is assented to by the taxpayer and the taxes due thereon paid to the collector, then there is no necessity for reporting the assessment to said court, because, by the voluntary act of the tax-payer in assenting to the assessment and in paying the taxes due thereon, the assessment has been enforced without resort to legal process.

We see no conflict whatever between this section (2260) and section 2223, which confers, as seen, upon the state tax commission the power to set aside and annul essessments.—*State Tax Commission v. Bailey & Howard, supra.*

As to whether taxes which have been paid by a taxpayer on the assessment of a county tax commissioner will, when such assessment has been set aside by the state tax commission, be available to the taxpayer as a credit on the taxes due under the new assessment made by the state tax commission, or whether such payment would be refunded to the taxpayer on application under section 2340 of the Code, or whether it would require a special legislative enactment to reimburse the taxpayer, are questions not before us. We fail to appreciate the force of the suggestion that those questions should have some weight in arriving at a proper construction of the sections of the Code now under review.

(2) These considerations dispose of adversely to appellant, his contention that, when the taxpayer assents or agrees to an assessment made by the county tax commissioner and pays the taxes due thereon to the county tax collector, the state tax commission is concluded by said assessment. However, if the state tax commission chooses to set aside such assessment, it must proceed and do so before the expiration of the tax year, otherwise it is without jurisdiction to act in the premises.—*State v. Doster-Northington Drug Co.,* 196 Ala. 71 South. 427. Plea 1 set up this fact, and the lower court erred in sustaining the demurrer to it.

Reversed and remanded.