173 So. 609

STATE TAX COMMISSION et al. v. STANLEY.

7 Div. 424.

Supreme Court of Alabama.

Feb. 18, 1937.

Rehearing Denied April 8, 1937.

A. A. Carmichael, Atty. Gen., Walter J. Knabe, Asst. Atty. Gen., and Harwell G. Davis, Sp. Counsel, of Birmingham, for appellants.

68

Reed & Reed, of Centre, for appellee.

BROWN, Justice.

The appellee, by a proceeding filed in the circuit court of Cherokee county, in equity, invoked the injunctive powers of the court to restrain the sheriff of said county from proceeding to execute the mandate of an execution issued by the State Tax Commission, commanding "any sheriff of the State of Alabama" to collect a penalty of $250 assessed against the appellee for having in his possession for sale unstamped cigarettes and snuff, in violation of section 15 of schedule 159 of the General Revenue Act of 1935. General Acts 1935, p. 543.

The sufficiency and form of the procedure adopted to quicken into exercise the court's jurisdiction is not questioned; nor is it approved here. The sole question presented is the constitutional integrity of the said section 15.

The circuit court ruled that said section 15 is repugnant to sections 5, 6, 11, 13, 15, 42, and 43 of the Constitution of 1901.

Said section 15 of schedule 159 provides:

"Persons failing to properly affix the required stamps to any cigars, cheroots, stogies, cigarettes, and smoking tobacco, chewing tobacco and snuff, shall be required to pay as part of the tax imposed hereunder, a penalty of not less than Twenty-five ($25.00) Dollars, nor more than Five Hundred ($500.00) Dollars, to be assessed and collected by the State Tax Commission, as other taxes are collected. And each article or commodity not having proper stamps affixed thereto as herein required shall be deemed a separate offense. Provided, that any cigars, cheroots, stogies, cigarettes, and smoking tobacco, chewing tobacco and snuff, in the place of business of any person required by the provisions of this Chapter to stamp the same shall be prima facie evidence that they are intended for sale: Provided, further, that if within ten (10) days and not thereafter, after notification in writing by the State Tax Commission, or its duly authorized agent, to the person, firm, or corporation, of its failure to properly affix the required stamps to any article or commodity, within ten (10) days after written notification to him that he has sold any article or commodity requiring stamps without having the stamps properly attached thereto as required by this Chapter, *the party charged, or to be charged with such omission as herein provided, shall have the right within said time, and not thereafter, to demand a trial of the issue before a court of competent jurisdiction in the manner now provided by law for the trial of civil actions or civil suits.* The written notice herein required may be served by mail. When it is so served, the paper must be deposited in the Post Office addressed to the person on whom it is to be served at his last known place of residence and the postage paid, and the ten days herein provided shall begin to run from the date of mailing. Said notice may also be personally served by any agent of the State Tax Commission, or any other person, by delivering the same to the person or corporation charged, or by leaving the same in the place of business of such person, or corporation: Provided, further, that the State Tax Commission, upon good

cause shown may in its discretion remit a part of the penalties prescribed above herein, but in no case shall it accept less than the minimum penalty provided for each offense." (Italics supplied.) General Acts 1935, p. 543.

■ The clear purpose and intent of the provision italicized confers on the "party charged, or to be charged," the right to demand a trial of the issue, and when such demand is made within the ten days prescribed by the statute, this demand ipso facto arrests the proceeding of the tax commission, and deprives it of the power to proceed further in enforcing said penalty except by a civil action of debt in the name of the State, in a court of competent jurisdiction. Southern Car & Foundry Co. v. Calhoun County, 141 Ala. 250, 37 So. 425; McKenzie v. Gibson, 73 Ala. 204; Blackburn v. Baker et al., 7 Port. 284; State v. Fillyaw, 3 Ala. 735; Lewis v. Stein, 16 Ala. 214, 50 Am.Dec. 177.

■ The statute so construed does not violate any of the enumerated provisions of the Constitution.

■ Under section 139 of the Constitution it was within legislative competency to confer on the tax commission "powers of a judicial nature," authorizing that commission to assess taxes and penalties for violation of the taxing statutes, which that commission was created to enforce. State Tax Commission v. Bailey & Howard, 179 Ala. 620, 60 So. 913; State ex rel. Vandiver v. Burke, Judge, 175 Ala. 561, 57 So. 870.

The averments of the appellee's original pleading admit that he had notice as prescribed by the statute, and there is no contention that he demanded a trial of the issue as the statute authorized him to do.

The rulings of the circuit court are not in accord with the foregoing views, and the decree appealed from is reversed and one here rendered dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

On Rehearing.

BROWN, Justice.

■ Appellee's criticism of the statement in the foregoing opinion that "the averment of appellee's *original* pleading admits that he had notice as prescribed by the statute" is technically correct, but is without substance as the amendment to his original petition does admit notice and the court was dealing with the original petition as amended.

■ The only pleading filed was the petition and the amendment thereto and the sole subject-matter thereof was the alleged execution for the collection of the penalty assessed by the tax commission for defendant's failure to place revenue stamps on taxable tobacco—cigarettes and snuff— found in petitioner's possession in his place of business where tobaccos were kept for sale.

There is nothing in the petition showing a seizure and forfeiture of the tobacco. Therefore, such seizure and forfeiture, if there was such, is not brought within the jurisdiction of the court. The notice, which the amended petition admits was served on the appellee follows, substantially, the provisions of the statute, which confers on the tax commission, in the absence of a demand for trial in a court of competent jurisdiction, the power, *in its discretion,* to assess a penalty "of not less than twenty-five dollars ($25.00), nor more than five hundred dollars ($500.00)." The notice prescribed by the statute is essential to the jurisdiction of the tax commission to assess the penalty, and if the notice is given (and we hold that the notice in the instant case was sufficient), and there is no demand by the taxpayer for trial, as the statute provides, the courts will not intervene to review the discretion of the commission.

If the statutory notice is not given, the commission is without authority to impose the statutory penalty.

■ The law of procedure prescribes the method of invoking jurisdiction to determine justiciable issues, and the agreement of the parties undertaking to impose on the courts the duty of deciding such issues, without appropriate pleadings, is a practice that cannot be approved. The principle is fundamental to our form of judicature. Ex parte Wilkey (Ala.Sup.) 172 So. 111;[1] Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 So. 804; Federal Land Bank of New Orleans v. Mulkey, 228 Ala. 500, 153 So. 775.

The only question presented in this case was the constitutionality of the section un-

---

[1] 233 Ala. 375.

der which the execution was issued. State ex rel. Knox v. Dillard et al., 196 Ala. 539, 72 So. 56.

The application for rehearing is therefore overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

