3 So.2d 58

**Ex parte HOMEWOOD DAIRY PRODUCTS CO.**

6 Div. 826.

Supreme Court of Alabama.

June 13, 1941.

Rehearing Denied June 30, 1941.

Rosenthal & Rosenthal, Walter S. Smith, and Walter S. Smith, Jr., all of Birmingham, for petitioner.

472

Thos. S. Lawson, Atty. Gen., Wm. H. Loeb, Asst. Atty. Gen., and Chas. B. Aycock, of Birmingham, for respondent.

FOSTER, Justice.

This is a petition addressed to this court for mandamus to require the judge of the Circuit Court of Jefferson County to place on the jury docket a cause which is in that court on certiorari from an order of the Alabama State Milk Control Board.

The questions here involved are: (1) Whether by general law a right to trial by jury exists in the circuit court on a trial brought to that court by certiorari provided for in the Act of March 20, 1939, General Acts 1939, page 267, Code 1940, T. 22, §§ 205–231, creating the Alabama Milk Control Board; and (2) If there is no such right to jury on that sort of trial, whether the act is thereby rendered unconstitutional in certain respects.

The right of review by certiorari is provided in section 22 of the Act (see Title 22, section 226, Code of 1940). That feature of it provides that on the trial in the circuit court on certiorari, the cause shall be considered, (1) on said petition for certiorari, (2) on the record of said board, and (3) on the answer filed by said board (to the petition for certiorari), but no new or additional evidence shall be taken or heard by the court; and "all such cases * * * shall be heard by the court as speedily as possible * * * [and] upon

final hearing, such courts shall have jurisdiction to reverse, vacate or modify the order complained of, if upon consideration of the issues before the court, the court is of the opinion the order is unlawful or unreasonable. Nothing in this section shall be construed as depriving a defendant in a criminal prosecution of a trial by jury, arising out of the violation of any provisions of this chapter."

We will first consider whether the law otherwise provides for a trial by jury on such a review. Petitioner relies in part upon section 8596, Code of 1923 (Title 7, section 264, Code of 1940) to sustain his right to a jury trial of the case on certiorari taken as above authorized. That provision of the law authorizes a trial by jury in the circuit court on appeal or certiorari from judgments of justices of the peace or other inferior courts.

Section 22 of the Act of 1939, supra, does not prescribe the manner of trial other than as stated above.

■ The case of Ex parte Sumlin, 204 Ala. 376, 85 So. 810, dealt with section 8596, Code of 1923, as it then appeared in the Act of 1915, page 939, and held that it had no application to an appeal to the circuit court from a judgment of the probate court on a will contest. The appeal was taken under section 2855, Code of 1907 (see, Title 7, section 775, Code of 1940). The provision for adjudging the case on appeal set out in that section is similar to that now under consideration. The court held that the Act of September 28, 1915 (General Acts 1915, page 939; section 8596, Code of 1923, supra) did not affect the question of the right of a trial by jury on appeal from the probate court. The basis of the holding there declared has direct application here. The provision in that statute for a trial by jury in the circuit court removed by certiorari from the justice of the peace or other inferior courts evidently refers to statutory certiorari triable de novo; and the inferior courts were those to which statutory certiorari has application with trial de novo. Birmingham Realty Co. v. City of Birmingham, 205 Ala. 278, 87 So. 840. In the Sumlin case, supra, there had been a will contest in the probate court under section 6196 of the Code of 1907, Code 1940, Tit. 61, § 52, which provided for a trial by jury in that court. The court made note of that fact in construing section 2855 of that Code (Title 7, section 775, Code of 1940)

as not requiring a jury trial, and on that ground differentiated it from Montgomery Street Rwy. Co. v. Sayre, 72 Ala. 443.

■ The latter case was an appeal from a condemnation proceeding in the probate court, where the statute provided that on such appeal "the same proceedings shall be had as in ordinary cases of appeal from the Probate to the higher courts of this State." Code 1876, § 1838. The contention was that on appeals in ordinary cases from the probate courts, there was no provision for jury trials, but that since Article 14, section 7, Constitution of 1875 (section 235, Constitution of 1901) provided that on appeals in such cases either party shall have the right to a jury trial, the court would by a stretch of interpretation hold that the act in question relates to the proceedings preliminary to taking the appeal, the mode of doing so to conform to the usual ordinary proceedings in such cases, but when it reaches the circuit court, the Constitution intervenes and confers the right of a trial by jury in no uncertain terms.

Such a situation is not here presented unless the trial of the certiorari provided for in the Act of 1939, supra, presents a case where a jury trial is a constitutional right, which we will discuss later in this opinion.

Petitioner also relies upon principles stated in City of Huntsville v. Pulley, 187 Ala. 367, 65 So. 405, 406, reaffirmed in Ex parte City of Florala, 216 Ala. 351, 113 So. 312. That was an appeal from a municipal street improvement assessment to the circuit court for trial of the issue of whether the property was enhanced in value as declared in the assessment. The statute, Code 1907, § 1394, provided that such appeal "may be tried on the record without other pleadings, and the court shall hear all the objections" to the assessment and shall determine whether it exceeds the increased value due to special benefits derived from the improvement, "and shall render judgment accordingly."

This court held that "court" in the statute includes a jury if the law contemplates a jury trial. Proceeding then to determine whether an appeal with such provision contemplates a jury trial, the court held that it did so under those circumstances. The reasoning was that on such an appeal whether the trial should be without a jury or with a jury depends upon the issue to be tried. If it is a question of

fact, the jury must act as a part of the court, when demanded. If it is to declare the law, or the legal conclusion from facts found, the judge must act. This is founded upon the "clear policy of our people, as exemplified by, Constitutions and statutes, to submit all issues of fact in courts of law to the verdict of a jury, even where the Constitution does not so require," and that it is "a sound rule of construction to hold that when original or appellate jurisdiction of any cause is vested by law in jury courts, and trial by jury is not plainly inhibited, a jury must be impaneled and a verdict rendered thereon,. as in ordinary cases, unless a jury trial is waived by the parties."

■ The instant case relates to the proper trial of one brought to the circuit court by certiorari as specially provided for by statute. The use. of the word "certiorari" in that connection has a certain significance. But the statute declares what issues shall be tried on the appeal. They are whether the order (of the board) is "unlawful or unreasonable." Of course, to the extent that the inquiry is whether it is unlawful, it is for the judge under the rule in the Pulley case, supra. It is also for the judge to determine, under the rule of that case, "what is the legal conclusion from facts found."

An inquiry available in this case is whether the claim of unreasonableness of the order is the determination of a legal conclusion from facts found by the board; but that question must be. raised by the petition for certiorari. Section 22 of the Act of 1939, supra, provides that the review on certiorari shall only be of "such matters as [are] contained in the petition" for certiorari.

The petition in that respect alleges that the judgment, so called, of the board "was erroneous, unjust and unwarranted in this, contrary to the law and evidence in the case, denies his constitutional rights and because the Alabama Milk Control Board is attempting to practice law and act as collecting agency and for the further grounds stated at the hearing of this case before the board, all of said objections being adopted as if fully set out herein." The only feature of it which seeks a review of the facts is the allegation that the order of the board is contrary to the evidence in the case.

■ The review contemplated by the act does not justify a determination of whether the facts found by the board are true upon a consideration of the evidence, but whether the order is unreasonable based on the facts so found. To require the court on review by certiorari to determine whether the facts as found are supported by the evidence, when there is some evidence on which to base such a finding, is such a radical departure from the historic interpretation of that form of review (Alabama Power Co. v. City of Fort Payne, 237 Ala. 459, 187 So. 632), it must be clearly so intended by the act providing for it.

■ We cannot give to this form of review as declared in the Act of 1939, supra, an interpretation which will call for a decision of whether the order is contrary to the evidence, if there is any evidence to support the order. The petition for certiorari does not allege that there was no evidence to support the order, nor that the order is unreasonable upon the basis of the facts found. But if it had so alleged, the question thus presented would be one of law as to which there would be no occasion for the trial of an issue of fact.

■ If the petition alleges that the order of the board is unreasonable upon the basis of the facts found, with no express direction for a trial of that issue by a jury, we ·do·not think the act should be so interpreted as to require a jury trial on demand. As said in City of Huntsville v. Pulley, supra, the province is that of the judge in such a case to determine "what is the legal conclusion from facts found."

■ We are therefore clear that a proper interpretation of the Act of 1939, supra, does not support a contention that on a review by certiorari to the circuit court as there provided a jury trial is contemplated.

■ But counsel insist that a jury trial of some sort should be provided by which they should determine the issue of whether the order of the board is contrary to the evidence. They rely on Amendment 7 of the Constitution of the United States, which has no application (Kraas v. American Bakeries Co., 231 Ala. 278, 164 So. 565; Boring v. Williams, 17 Ala. 510), and section 11, Constitution of Alabama. This section only applies to those cases in which the trial by jury existed at the time of the adoption of the Constitution. In re One Chevrolet Automobile, 205 Ala. 337, 87 So. 592.

■ They also rely on the due process clauses of the State and Federal Constitutions. Insofar as the board is given the right on a finding of certain facts to revoke the license, it is similar insofar as a trial of the facts by a jury is concerned to a disbarment proceeding, in which no such right is secured by the Constitution. Ex parte Thompson, 228 Ala. 113, 152 So. 229, 107 A.L.R. 671.

On such a hearing by the Milk Control Board there has never been in existence in this State a right to trial by jury, and its absence has been held not to violate section 11 of the Constitution of Alabama. Franklin v. State, 232 Ala. 637, 169 So. 295; Taylor v. State, 237 Ala. 178, 186 So. 463; Thompson v. Alabama State Milk Control Board, ante, p. 100, 1 So.2d 381.

But the insistence now is that a proceeding leading to a moneyed judgment was one in which the right of trial by jury existed at the time of the adoption of the Constitution of Alabama, and that the board in this case did that very thing.

The board found from the evidence that the defendant was indebted to various milk producers in the aggregate sum of $787.42, the same representing amounts less than the prescribed price for milk purchased from them by defendant, a licensee of the board, and that its license should be revoked if defendant fails to comply with the provisions of the order.' The board then adjudged and decreed that defendant shall pay them each separately the amount found due them respectively, with the privilege of making installment payments, and upon a failure of compliance that the license be revoked. The board was seeking to comply with that feature of the act which imposes on it the duty "to require. the distributor or processor to pay for the said milk at the proper price." Section 6, Act of 1939, supra. (General Acts 1939, page 272), Title 22, section 210, Code of 1940.

That the board may have the power to do so, it is provided in section 13 of the Act (page 278, General Acts 1939; Title 22, section 217, Code of 1940) that it "may suspend or revoke a license already granted upon due notice and opportunity of hearing to the licensee when the Milk Control Board, after a hearing, has become convinced * * * [that] (h) * * * the licensee has violated any lawful order, rule or regulation of the Milk Control Board."

■ Whether the order of the board here in question is such a lawful one as that its violation justifies a revocation of the license is one of law proper for consideration in the circuit court on hearing the review by certiorari. But it does not affect the right of a trial by jury. We have no hesitancy in expressing the view that the board has no right under this act to render a personal judgment against defendant for the payment of money, and if it has done so, the circuit court on trying this case on certiorari will vacate and set it aside. But the board has the right to find that defendant has bought milk from certain producers at a price less than as prescribed, and to find the amount of the difference, and to order that if it is not paid to them each as reasonably required, defendant's license shall be thereby revoked. There is in such a finding and order no right to a trial by jury in existence at the time of the adoption of our Constitution.

## Due Process.

■ It is within the constitutional power of the legislature to enact that the finding of an administrative board of facts without a review of such finding by a court or jury shall be conclusive, provided procedural due process was accorded by giving reasonable notice and opportunity to be present, examine and cross-examine witnesses, submit evidence and be heard in person and by counsel. Alabama Power Co. v. City of Fort Payne, 237 Ala. 459, 187 So. 632; Shields v. Utah Idaho C. R. Co., 305 U.S. 177, 59 S.Ct. 160, 83 L.Ed. 111; Consolidated Edison Co. v. Nat. Labor Relations Board, 305 U.S. 197, 59 S. Ct. 206, 83 L.Ed. 126; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; United Gas Public Service Co. v. State of Texas, 303 U.S. 123, 58 S.Ct. 483, 82 L.Ed. 702; Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129 (Id., on rehearing 58 S.Ct. 999); Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904, 68 A.L.R. 434; State Tax Commission v. Bailey & Howard, 179 Ala. 620, 60 So. 913.

■ By virtue of section 139, Constitution, judicial power may be vested in such persons as the legislature may prescribe. State Tax Commission v. Bailey & Howard, supra; State Tax Commission v. Stanley, 234 Ala. 66, 173 So. 609.

Of course this power was not intended to deprive one of a jury under section 11,

Constitution, when that section has application.

If this act be construed to confer on the board the power to make a conclusive finding of facts, procedural due process is also granted, and the act is saved from attack on the due process clauses.

So that we find no provision in the law or Constitution which grants a trial by jury in such a case as this, and there is no want of due process.

The writ of mandamus is denied.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.