39 So.2d 669

**Ex parte STATE ex rel. ATTORNEY GENERAL.**

**I Div. 340.**

Supreme Court of Alabama.

Feb. 24, 1949.

Rehearing Denied April 14, 1949.

A. A. Carmichael, Atty. Gen. and Gardner F. Goodwyn, Jr. and Willard W. Livingston, Asst. Attys. Gen., for petitioner.

LIVINGSTON, Justice.

This is an original action in this Court instituted by the State of Alabama on the relation of the Attorney General, seeking the writ of mandamus or, in the alternative, a writ of prohibition, directing or commanding the Hon. Claude A. Grayson, as Judge of the Circuit Court of Mobile County, sitting in equity, to dismiss an appeal from the State Department of Revenue pending before him in said court, and styled Peter Soto, appellant, versus State of Alabama, appellee.

On August 27, 1948, the rule nisi was issued by the clerk of this Court directed to Judge Grayson requiring him "to forthwith set aside and vacate the order overruling the State's motion to dismiss said appeal, and to enter an order dismissing Peter Soto's purported appeal in said cause, or to show cause before the Supreme Court of Alabama * * * why the writ of mandamus should not issue to you as prayed for in said petition." On or about October 29, 1948, Judge Grayson, by and through his attorney Hon. D. R. Coley, Jr., made answer to the rule nisi.

As there is little or no controversy concerning the facts of the case, we will set out only those deemed material to an understanding of the decision here made.

D. R. Coley, Jr., of Mobile, for respondent.

During the period of time covered by the tax assessment here involved, that is to say, from the 1st day of October, 1940, to September 30, 1945, Peter Soto was engaged in business in the city of Mobile, selling at retail tangible personal property within this State, and which sales were and are subject to the Alabama Sales Tax Act.—Sections 752 et seq., Title 51, Code of 1940.

On May 17, 1946, after a preliminary assessment, protest and hearing, the Department of Revenue, acting by and through the Commissioner of Revenue, H. T. Dowling, made a final assessment in the total amount of $3725.86 against Peter Soto under and by virtue of the provisions of the Sales Tax Act, as amended. Notice of such final assessment was given to the taxpayer by registered mail in accordance with section 767, Title 51, Code.

On June 1, 1946, Soto appealed to the Circuit Court of Mobile County, in Equity, by filing bond for costs of such appeal. And on June 4, 1946, he gave notice to the secretary of the Department of Revenue and to the register of the Circuit Court of Mobile County, in Equity, of said appeal. On June 4, 1946, he also filed a document styled "Affidavit as to inability to pay taxes and supersedeas bond."

On October 16, 1946, the State filed a sworn motion with the register of the court to dismiss the appeal. The basis of the motion was that Soto had neither paid the assessment made against him nor had he filed a supersedeas bond as required by section 140, Title 51, Code. The motion was submitted to Judge Grayson on October 28, 1946, and by him overruled on June 14, 1948. This action was then instituted here.

As stated by counsel for Judge Grayson, "The only substantial question of law involved in this cause is the constitutionality vel non of that provision of section 140, Title 51 of the Code of Alabama of 1940, as follows: 'The taxpayer shall pay the assessment so made before the same shall become delinquent, and if such taxes are not paid before the same become delinquent, the court shall upon motion ex mero motu dismiss such appeal, unless at the time of taking the appeal the taxpayer has executed a supersedeas bond with sufficient sureties to be approved by the register of the court to which the appeal shall be taken in double the amount of the taxes payable to the State of Alabama, conditioned to pay all taxes, interest and costs due the state, county or any agency or sub-division thereof.' "

It is insisted that the foregoing provisions are violative of sections 10 and 13, Article 1 of the Constitution of Alabama of 1901, and the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States.

As noted above, when Soto took the appeal from the final assessment made by the Department of Revenue, he filed with the register of the court to which the appeal was taken, an affidavit to the effect that he was unable to pay the taxes or to make a supersedeas bond. So far as we know there is no provision in law, statutory or otherwise, for filing such affidavit. It can have no effect on the issues here presented.

Section 10, Article 1, Constitution of 1901, reads:

"That no person shall be barred from prosecuting or defending before any tribunal in this state, by himself or counsel, any civil cause to which he is a party."

Section 13, Article 1 of the Constitution of 1901, is as follows:

"That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay."

A tax is a charge levied by the sovereign power upon persons and property for the support of the government and for public purposes. It is desirable, and frequently necessary, that taxes be paid promptly in order that the government may be maintained. Our Constitution was framed and agreed upon in view of an immemorial practice and rule of government, under which the whole subject of taxation has been intrusted to the legislative department, and whose acts are to be construed in the light of that practice when

the people have not undertaken to change it.—State v. Bley, 162 Ala. 239, 50 So. 263.

█ Under section 139 of the Constitution of Alabama of 1901, it was within legislative competency to confer on the Department of Revenue "powers of a judicial nature" authorizing that department to assess taxes and penalties for violations of the taxing statutes, which that department was created to enforce.—State Tax Commission v. Bailey & Howard, 179 Ala. 620, 60 So. 913; State ex rel. Vandiver v. Burke, Judge, 175 Ala. 561, 57 So. 870; State Tax Commission v. Stanley, 234 Ala. 66, 173 So. 609; Campbell v. State, 242 Ala. 215, 5 So.2d 466. That "powers of a judicial nature" were conferred upon the Department of Revenue by the Act of its creation is not open to question.—Perry County v. Selma M. & M. R. Co., 58 Ala. 546, 559; Union Bank & Trust Co. v. Phelps, 228 Ala. 236, 153 So. 644; State Tax Commission v. Stanley, 234 Ala. 66, 173 So. 609; State Tax Commission v. Bailey & Howard, 179 Ala. 620, 60 So. 913; Ex parte Homewood Dairy Products Co., 241 Ala. 470, 3 So.2d 58; State v. Pollock, 251 Ala. 603, 38 So.2d 870; Birmingham Vending Co. v. State, 251 Ala. 584, 38 So. 2d 876; Constitution of 1901, section 139.

The Bley case, supra [162 Ala. 239, 50 So. 264], involved the constitutionality of an act. of the legislature granting the right of appeal to the State, and denying it to the taxpayer in the matter of a tax assessment. The Court said:

"We do not question the right of the taxpayer to attack an assessment void because some principle of law is violated in making it; but it does not seem ever to have been held that because a right of appeal from an assessment is not given by law, the taxpayer having had an opportunity to be there heard, a tax levied upon such assessment is void. Nor is it necessary to due process of law that the owner of property be given the opportunity to have an assessment reviewed by the courts. The valuation of property is not such exercise of judicial authority as necessarily involves the right of appeal to judicial tribunals.—27 A. & E. Ency. 718; 1 Cooley, Tax. p. 64. In Harris v. Wood, 6 T.B.Mon., Ky., 641, it is re-marked that taxes are recoverable, not only without a jury, but without a judge. In Springer v. United States, 102 U.S. 586, 26 L.Ed. 253, it is said: 'The idea that every taxpayer is entitled to the delays of litigation is unreason.' ' The right of appeal is purely statutory. Unless the Constitution so prescribes, an act is not invalid because not providing for an appeal. 2 Cooley, Tax. 1393, 1394. Concessions made to the taxpayer along this line are concessions of favor, not of right, and their extent rests in legislative discretion."

The Bley case, supra, involved an assessment of property taxes, but in the case of Campbell v. State, 242 Ala. 215, 5 So.2d 466, 472, the constitutionality of the Sales Tax Act, with respect to due process and the right to a jury trial, was involved; and it was there said: "In State v. Bley, 162 Ala. 239, 50 So. 263, it was held that neither due process nor the right of trial by jury required the grant to a taxpayer of the right to appeal to a court to have an assessment reviewed by it."

█ In State v. Ide Cotton Mills, 175 Ala. 539, 57 So. 481, 482, this Court summarized the rule as follows: "The right of appeal in such proceedings is a right conferred by statute, and must be exercised in the mode and within the time prescribed by the statute."

█ It is within legislative competency to require the payment of taxes as a condition precedent to an action questioning the amount of taxes due.—Old Colony R. Co. v. Assessors of Boston, 309 Mass. 439, 35 N.E.2d 246; Lincoln Hotel Co. v. Assessors of Boston, 317 Mass. 505, 59 N.E.2d 1; Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289.

█ The question of the severability of section 140, supra, does not arise in this case for the reason that, that part of the section requiring the payment of the taxes before delinquent or the posting of a supersedeas bond as a condition precedent to an appeal from a final assessment of the Department of Revenue does not violate any section of the State or Federal Constitution urged against its validity.

The trial court was in error in refusing to grant the State's motion to dismiss the

appeal. The petition for writ of mandamus is granted.

Writ awarded.

BROWN, SIMPSON and STAKELY, JJ., concur.