Com. of Pa. *v.* Everett et al.

Argued November 13, 1933.

Before TREXLER, P. J., KELLER, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Maurice Stern,* and with him *James A. Walker,* for appellant.

*Emanuel Weiss,* Assistant District Attorney, and with him *John P. Wanner,* District Attorney, and *Dawson 'H. Muth,* Assistant District Attorney, for appellee.

Opinion by Trexler, P. J., February 1, 1934:

The appellant, with others, was indicted for the violation of the Act of May 13, 1925, P. L. 644, 10 P. S. 141-151, which "regulates the solicitation of moneys and property for charitable, religious, humane and patriotic purposes." At the trial, there was a demurrer to the evidence in which the Commonwealth joined and the court adjudged the defendant guilty and imposed sentence. It appears that they, in soliciting orders, represented that Hoyt Brothers Company for whom they were working contributed ten per cent of their profits to an orphanage in New Jersey. The company did not hold a certificate of registration from the Department of Welfare as provided by the above act.

In his history of the case, the appellant states that the only evidence presented against Everett "was that he did not have a license and that he was employed by Hoyt Brothers. No evidence was presented that he solicited any sales or made any sales." We cannot accept the statement contained in the above quotation. The witness called for the prosecution stated that he knew the defendants, naming Everett, the appellant, and that he arrested them. He testified, "*they* told him they were selling products and a certain percentage was to go to an orphanage in New Jersey." "*They* said they were working under orders from their firm." This testimony was received without objection by the defendant. If a protest had been interposed, it would have resulted in a particular identification of the persons who made the statement, but the defendants were satisfied to allow the testimony to stand and the word "they" included the appellant and the unchallenged statement was sufficient to allow the jury to find that there was concerted action and all the defendants participated.

When the examination of the witness is made in a manner that is open to objection because not given

with sufficient detail, but nevertheless conveys a definite meaning, it is too late after trial to raise any objection to it and urge it as a reason for a new trial that there was not sufficient evidence to convict because a plural pronoun was used.

There is nothing appearing on the record that shows that there was a written motion for a new trial, nor are any of the reasons which were urged, shown in the printed record. The sole thing to guide us is the statement of the lower court that the only ground set forth was that "the Act of 1925 is unconstitutional as contravening the due process clause of the 14th amendment of the Constitution of the United States." We will confine our attention to that subject.

We held in Com. v. McDermott, 94 Pa. Superior Ct. 470, affirmed by the Supreme Court eo nomine, 296 Pa. 299, 145 A. 858, that the act was not special legislation prohibited under Article III, Section 7, of our constitution, that the classification provided therein was proper and that the exemption of certain institutions was lawful. That phase of the case, therefore, requires no discussion.

The 14th amendment of the Federal Constitution prevents the depriving of any one of "life, liberty or property without due process of law." The State may not arbitrarily interfere with private businesses or prohibit lawful occupations or impose unreasonable restrictions upon them. This does not prevent a state from exercising its police power in an endeavor to protect its citizens from imposition and fraud. The licensing of certain occupations is so generally prevalent that it is recognized as lawful in all jurisdictions. 37 C. J. 238.

We quote from the opinion of the lower court:

"The 14th amendment does not destroy the police powers of the State: the power is still vested in the several legislatures to make such laws as they deem

to be for the good of the Commonwealth and its people: Bacon v. Walker, 204 U. S. 311.

"It would seem to require no argument to support the assertion that it is for the good of the Commonwealth and its people to prohibit the solicitation of funds from the public for a purpose which is alleged to be charitable, benevolent or patriotic, but which is in fact only for the enrichment of the solicitor. Some regulation of public solicitation is, therefore, in the public interest. It is a matter of public concern that our great system of eleemosynary, benevolent, civic and patriotic organizations and institutions be adequately supported by private contributions; and, conversely, it is to the public interest to check and to prohibit appeals for purposes inimical to the state, or to society, or for purposes falsely alleged to be charitable or religious.

"Nor does the act here vest arbitrary or capricious power in the Department of Welfare. Section 1 of the act prescribes the standards by which each application shall be adjudged. It provides that hearings may be held to determine the facts.

"The defendants here do not allege that the State authorities have acted arbitrarily or that they themselves or their employer or the home to which they allege a portion of their profits are to go, have applied for and been refused a certificate of registration. They do not attack the statute as unreasonable in its limitation of those to whom certificates of registration may be issued; their complaint is that the power vested in the Department of Welfare is arbitrary.

"The same question has been before the courts. In Reetz v. Michigan, 188 U. S. 505, a statute of the State of Michigan provided for the appointment of a 'board of registration in medicine,' which was to hold two regular meetings at specific times and required all persons engaging in the practice of medicine to obtain from such board a certificate of registration, pre-

scribed the conditions upon which such certificate should be granted and forbade under penalty the practice of medicine without such certificate. Appellant was convicted of a violation of this statute. Speaking for the court, Mr. Justice BREWER said: 'It is objected in the present case that the board of registration is given authority to exercise judicial powers without any appeal from its decision, inasmuch as it may refuse a certificate of registration if it shall find that proof is presented that the applicant has been 'legally registered under Act No. 167 of 1883.' That, it is contended, is the determination of a legal question which no tribunal other than a regularly organized court can be empowered to decide. The decision of the State Supreme Court is conclusive that the act does not conflict with the state constitution, and we know of no provision in the Federal Constitution which forbids a State from granting to a tribunal, whether called a court or a board of registration, the final determination of a legal question. Indeed, it not infrequently happens that a full discharge of their duties compels boards, or officers of a purely ministerial character, to consider and determine questions of a legal nature. Due process is not necessarily judicial process. Murray's Lessee v. Hoboken Land, &c., Co., 18 Howard 272; Davison v. New Orleans, 96 U. S. 97; Ex parte Wall, 107 U. S. 265, 289; Dreyer v. Illinois, 187 U. S. 71, 83; People v. Hasbrouck, 11 Utah 291. ......
Neither is the right of appeal essential to due process of law.

...... While the statute makes in terms no provision for a review of the proceedings of the board, yet it is not true that such proceedings are beyond investigation in the courts.' ''

We do not deem it necessary to add anything more. The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be

308

there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.