**TEXAS LIQUOR CONTROL BOARD v. SCRIVANO.**

**No. 12527.**

Court of Civil Appeals of Texas.
San Antonio.

March 25, 1953.

Price Daniel, Atty. Gen., Clyde B. Kennelly, Asst. Atty. Gen., John Davenport, Asst. Atty. Gen., John F. Onion, Jr., San Antonio, Ed. Reichelt, Asst. Atty. Gen., for appellant.

Forrest A. Bennett and Wm. D. Engle, Jr., San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted in the District Court of Bexar County, Texas, by Tommy J. Scrivano against the Texas Liquor Control Board, seeking to have the court grant a temporary restraining order, a temporary injunction, and a permanent injunction, prohibiting the Texas Liquor Control Board, its Administrator, agents, employees and servants, from enforcing, or attempting to enforce, an order theretofore made on the 27th day of October, 1952, by the Administrator of the Texas Liquor Control Board, suspending for thirty days the Wine and Beer Retail Permit No. 104227, issued to Tommy J. Scrivano, doing business as Steeplechase Bar, at 415–417 North St. Mary's Street, San Antonio, Texas.

The trial judge granted a temporary restraining order on October 28, 1952, and issued an order to the Texas Liquor Control Board to appear on November 7, 1952, to show cause why a temporary injunction should not be issued. The Texas Liquor Control Board answered in writing and also filed a plea to the jurisdiction of the court, based upon the provisions of Art. 667–22, Vernon's Ann.Penal Code, which reads in part as follows:

"No appeal shall lie from an order of suspension of license. No suit of any nature shall be maintained in any Court in this State seeking to restrain the Board or Administrator or any other officer from enforcing any order of suspension issued by the Board or Administrator; and if at any hearing thereon it be shown to the satisfaction of the Board or Administrator that any alcoholic beverage was sold on or from the premises covered by a license during the period of suspension, then such proof shall be sufficient to warrant cancellation of the license."

The trial court overruled the plea to the jurisdiction and entered an order granting a temporary injunction. The Texas Liquor Control Board has prosecuted this appeal.

Appellant contends that the trial court was without jurisdiction to issue the temporary injunction. We sustain this contention. The above quoted part of section 22 of Article 667, Vernon's Annotated Penal Code, states plainly that no appeal lies from an order of the Liquor Board suspending a wine and beer retail license, and that no suit shall be maintained in any court in this State seeking to restrain the Board or Administrator from enforcing any order of suspension. Unless this provision of the statute is unconstitutional and void, the trial court was without jurisdiction, under the facts and circumstances of this case.

The holder of a wine and beer retail license has only a temporary license or permit to do that which otherwise it would be unlawful for him to do. He accepts his license knowing that it may be suspended for not exceeding sixty days, in the manner provided in section 19 of Article 667, V.A.P.C., and, under the provisions of Section 22, supra, there can be no appeal from such order suspending his license, and that he cannot maintain any suit in any court in this State to enjoin the enforcement of such an order of suspension. He, in effect, by accepting such a license agrees to this method of suspension. There is no intimation that the procedure prescribed by Section 19 of Article 667, V.A.P.C., was not followed by the Liquor Control Board or its Administrator.

There are many cases holding that the State is not required to allow a judicial review of an order of an administrative board, such as appellant herein. Roden v. New York State Liquor Authority, 258 App.Div. 1076, 18 N.Y.S.2d 69; Darling

Apartment Co. v. Springer, Liquor Commission, 25 Del.Ch. 420, 22 A.2d 397; 30 Am.Jur. 237, 593; Ziebell v. Hall, Tex.Civ. App., 220 S.W.2d 899.

In 30 Am.Jur. 278, it is stated:

"In determining the constitutionality of an enactment, the court must remember that intoxicating liquor, in its nature, is dangerous to the morals, good order, health, and safety of the people, and is not to be placed on the same footing with the ordinary commodities of life, such as corn, wheat, cotton, tobacco, potatoes, etc. Restraints and limitations upon the liquor traffic may be upheld which might not be sustained as to callings that may be pursued as of common right."

At page 296, it is said:

"In general, a 'license' is a permit or authorization to do what without a license would not be lawful. Generally, especially from the standpoint of the right and power of revocation, a liquor license is regarded as anything but a property or contract right. It is consistently declared to be a mere personal and temporary permit or privilege to be enjoyed so long as its conditions and restrictions are complied with, to do what could not be lawfully done without it, and it is not property in any legal or constitutional sense. Its issuance is a matter, not of right, but purely of legislative grace, and may be extended, limited, or denied without violating any constitutional right."

At p. 332, this authority continues:

"The revocation of a liquor license will not be reviewed by mandamus or on injunction against the revoking officer. Nor is the order of revocation appealable in the absence of a statute specifically conferring the right. Under the theory that the order is administrative in character, even when made by a court, it is not a judgment within the meaning of a provision granting the right of appeal from final judgments of courts. There is authority to the effect that the method of reviewing the action of a tribunal in revoking a license is by a writ of certiorari, although in some states this remedy is not available. So also, on the theory that the revocation of a dramshop license is not a judicial act, it has been held that it cannot be controlled by the writ of prohibition."

See also: Crowley v. Christensen, 137 U.S. 86, 11 S.Ct. 13, 34 L.Ed. 620.

Appellee contends that the statute which denies to him the right of a judicial review of the order suspending his wine and beer license is unconstitutional and void, as being in conflict with section 19 of Article 1 of the Texas Constitution, reading as follows:

"No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

We overrule this contention. "The due course of the law of the land", so far as this suit is concerned, is set forth in section 19 of Article 667, supra, and authorizes the Texas Liquor Control Board to suspend a permit to sell wine and beer at retail after notice and a hearing. The record here shows that there was notice and a hearing, therefore his permit was suspended by due course of the law of the land. Under the facts of this case, appellee has no right to a judicial review of this action, either by appeal or by a resort to a suit for injunction. He has been accorded all of the rights that the law of the land provides for him. Commonwealth v. Creighton, 111 Pa. Super. 302, 170 A. 720; De Pauw University v. Brunk, D.C., 53 F.2d 647; McCue v. Commonwealth, 103 Va. 870, 49 S.E. 623; State v. Bley, 162 Ala. 239, 50 So. 263.

The trial court was without jurisdiction to issue the temporary injunction herein and accordingly it will be set aside and dissolved and the petition therefor dismissed.