**TEXAS LIQUOR CONTROL BOARD,**
Appellant,

v.

**Eusebio GONZALEZ, Appellee.**

No. 14451.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 16, 1966.

Rehearing Overruled March 16, 1966.

Waggoner Carr, Howard M. Fender, Douglas H. Chilton, Austin, for appellant.

Werner A. Gohmert, Alice, for appellee.

CADENA, Justice.

Appellant, Texas Liquor Control Board, complains of the action of the trial judge in setting aside an order of the Administrator of such Board suspending the retail on-premises beer license of appellee, Eusebio Gonzalez, for a period of sixty days.

On December 14, 1964, the Administrator, acting pursuant to Art. II, § 22, of the Liquor Control Act (Art. 667–22, Vernon's Ann.P.C.), suspended appellee's license for a period ending December 29, 1964. The suspension was based on the fact that the Administrator had ascertained that a breach of the peace had occurred on the licensed premises on December 8, 1964. The order of suspension recited that a hearing would be held on December 29, 1964, at which appellee would be given an opportunity to show that the act constituting such breach of the peace was beyond his control and was not the result of improper supervision of the licensed premises.

Appellee does not question the validity of the above order. The hearing was held on December 29, 1964, and on January 4, 1965, the Administrator entered an order suspending appellee's license for a period of sixty days.

On January 6, 1965, appellee filed his petition in the District Court of Starr County seeking judgment vacating and setting aside the order of January 4 imposing the sixty-day suspension. The Liquor Control Board filed a plea to the jurisdiction of the District Court, relying on the provision of Art. 667–22, supra, to the effect that no appeal shall lie from an order

suspending a license. After the trial court had temporarily restrained enforcement of the order of suspension pending the outcome of the trial on the merits, a trial was held before the court on February 24, 1965. At this hearing appellee presented two witnesses. The Board, relying on its plea to the jurisdiction, offered no evidence. On July 7, 1965, the trial court entered judgment setting aside the order of suspension.

Under the plain language of Art. 667–22, no appeal lies from an order of suspension, as distinguished from an order refusing or cancelling a license. The constitutionality of the statutory denial of the right of appeal in suspension cases has been upheld. Texas Liquor Control Board v. Falstaff, Tex.Civ.App., 369 S.W.2d 483, no wr. hist.; Texas Liquor Control Board v. Scrivano, Tex.Civ.App., 256 S.W.2d 598.

 Appellee's main contention is that Art. 667–21, Vernon's Ann.P.C., authorizes a suspension of only thirty days for breach of the peace, and that the Administrator exceeded his authority in imposing the sixty-day suspension. This contention is without merit.

Under Art. 667–21, the Administrator is empowered to suspend, for a length of time not exceeding thirty days, the license of a retail beer dealer, upon ascertaining that an act constituting a breach of the peace has taken place upon the licensed premises. At the expiration of such initial suspension period, the statute provides that the Administrator shall cancel the license unless he is satisfied that the breach of the peace "was beyond the control of the person holding the license and did not result from improper supervision by the licensee of the conduct of persons permitted by him to be on the licensed premises or premises under his control."

In 1943, the Legislature added Sec. 19A to Art. 667. Sec. 19A provides: "As to any causes for cancellation of licenses herein provided, in lieu of such cancellation, the Board or Administrator shall have the discretionary power and authority to suspend any such license for a period not to exceed sixty (60) days."

It is clear that, prior to the enactment of Sec. 19A in 1943, the occurrence of a breach of the peace on the licensed premises was a "cause for cancellation" of a retail beer dealer's license. The necessary effect of the 1943 amendment was to authorize the Administrator in such cases, in his discretion, to suspend the license for a period not exceeding sixty days, instead of cancelling the license permanently. It follows that the Administrator, in imposing the sixty-day suspension in this case, did not exceed the authority vested in him.

The trial court erred in not sustaining appellant's plea to the jurisdiction. The judgment of the trial court is reversed and judgment is here rendered dismissing appellee's suit.