**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**Augustine L. ZULAICA, d/b/a Tin Bell Club, Appellee.**

No. 15151.

Court of Civil Appeals of Texas, San Antonio.

Feb. 21, 1973.

Rehearing Denied March 21, 1973.

Crawford C. Martin, Atty. Gen. of Tex., Nola White, Alfred Walker, Robert C. Flowers, Jay Floyd, Thomas H. Routt, Asst. Attys. Gen. of Tex., Austin, for appellant.

Abraham D. Ribak, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant, hereinafter referred to as the Commission, has perfected its appeal from a judgment of the 45th Judicial District Court setting aside an order suspending for 30 days the wine and beer retail permit and the retail dealer's on-premises late hours license held by appellee, d/b/a Tin Bell Club.

Commission moved in the trial court to dismiss appellee's petition for want of jurisdiction. After such motion was overruled, Commission did not offer any evidence in support of such order of suspension. It does not now challenge the trial court's finding that the order of suspension is without support by substantial evidence. Thus, the question before us on this appeal is whether the Liquor Control Act authorizes an appeal from a suspension of the permit and license held by appellee.

In Texas Liquor Control Board v. Falstaff Distributing Co., 369 S.W.2d 483 (Tex.Civ.App.—Houston 1963, no writ), the Court considered the effect to be given to Article 667–22,[1] which then read in part: "No appeal shall lie from an order of suspension of license." It was determined that such provision had reference to an appeal from the suspension of a beer *license* as distinguished from a *permit* as provided for in Article 666. An appeal was thus denied from the suspension of a distributor's license and an agent's beer license. In Texas Liquor Control Board v. Gonzalez, 400 S.W.2d 619 (Tex.Civ.App.—San Antonio 1966, writ ref'd), we held that under the plain language of Article 667–22, no appeal lies from an order of suspension of a retail on-premises beer license.

Subsequently, the 61st Leg. by Acts 1969, page 80, Chap. 38, § 12, effective September 1, 1969, amended Article 667–22, so that same now reads in part:

"Appeals from decisions or orders of the Board of Administrator cancelling, SUS-

---

1. All statutory references are to Tex.Pen.Code Ann.

PENDING or refusing a license may be had under the same conditions and provisions prescribed in Section 14 of Article I of this Act.

"No appeal shall lie from an order suspending a RETAIL DEALER'S license,[2] EXCEPT A LICENSE ISSUED TO THE HOLDER OF A RETAIL PERMIT AT THE SAME LOCATION." (Additions included by the amendment are set forth in caps.)

Commission urges on this appeal that although a wine and beer retail *permit* is issued under Article 666–15 as distinguished from a retail on-premises beer *license* issued under Article 667–3(e), the wine and beer retail permit should be considered as a "license" under the provisions of Article 666–15(17). This statute, which authorizes the issuance of wine and beer retailers' permits, provides in part that such permits may be cancelled or suspended for the same reasons and under the same procedure as a retail beer dealer's license, and further provides that such permits shall be subject to all provisions of Article 667–22.

In Texas Liquor Control Board v. Scrivano, 256 S.W.2d 598, 599 (Tex.Civ.App.— San Antonio 1953, no writ), this Court set aside the suspension of a wine and beer retail permit since Article 667–22 ". . . states plainly that no appeal lies from an order of the Liquor Board suspending a wine and beer retail license. . . ." It is seen that the Court did not there consider the distinction, considered in *Falstaff,* supra, between a wine and beer retail *permit* and a retail *beer license.* The principal point in contention was the constitutionality of Section 22.

It is our opinion that the right of appeal from the suspension of a wine and beer retail dealer's *permit* is made certain by the 1969 amendment of Article 667–22. It is seen that Article 667–22 now does not in any way restrict the general authority under Article 666–14 to appeal from an order

of the Board suspending a permit. The amendment specifically grants a right of appeal from an order suspending a license where formerly, a right of appeal was given only from an order cancelling or refusing a license. The only limitation to such right of appeal from a suspension is in the case of the suspension of a "retail dealer's license," and there an appeal is provided for if the holder has a retail permit at the same location. The exception would apply here in that the appellee has a retail permit to sell wine at the same location even if the retail beer permit should be considered as a license.

We conclude that the trial court had jurisdiction over this appeal from a suspension of the appellee's wine and beer retail permit. The court also had jurisdiction over the suspension of the late hours license issued appellee at the same location, under the specific languge of the exception contained in Article 667–22, as amended in 1969.

The judgment is affirmed.

---

2. Under Article 667–3(e) and (f), this is a license to sell beer.