**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**Barbara E. HINKLE, Individually and d/b/a Club 81, Appellee.**

**No. 12006.**

Court of Civil Appeals of Texas, Austin.

March 21, 1973.

Rehearing Denied April 11, 1973.

Crawford C. Martin, Atty. Gen., and Jay Floyd, Asst. Atty. Gen., Austin, for appellant.

Earl L. Yeakel, III, Mitchell, Yeakel, Orr & Trickey, Austin, for appellee.

O'QUINN, Justice.

In district court the Texas Alcoholic Beverage Commission took the position that Barbara E. Hinkle, doing business as Club 81, did not have the right of appeal to the court from an order of the Administrator for the Commission suspending the wine and beer retail permit of Club 81 for a period of twenty-one days beginning June 12, 1972.

The trial court denied the Commission's motion to dismiss the appeal from the administrative order, and when the Commission declined to proceed further, the court set aside and dissolved the order of suspension as "not supported by substantial evidence."

The Commission has appealed and contends that Article 667–22 of the Vernon's Ann.Penal Code as amended in 1969 specifically denies an appeal from an order suspending a wine and beer retailer's license. (Acts 1969, 61st Leg., p. 80, ch. 38, sec. 12). Prior to 1969 the statute simply provided that no appeal shall lie from an order of suspension of license. As amended, "No appeal shall lie from an order suspending a retail dealer's license, except a license issued to the holder of a retail permit at the same location." The Commission insists that the 1969 amendment did not affect the status of appellee and did not give the right of appeal from an order of suspension, a right appellee admits was denied by the statute prior to amendment.

The Commission points out that the statute giving the Commission authority to issue a wine and beer retailer's permit (Art. 666–15 (17)) provides that ". . . holders of Wine and Beer Retailer's Permit shall also be subject to all provisions of Section 22, Article II of this Act . . ." being Article 667–22, which as amended in 1969, denies appeal "from an order suspending a retail dealer's license."

From these statutes, the Commission argues: "The clearly defined statutory provisions of Article 666–15(17) state that a Wine and Beer Retailer's Permit shall be subject to the provisions of Article 667–22, which states that no appeal shall lie from a suspension by the Commission. Insofar as Article 666–15(17) is concerned, a Wine and Beer Retailer's Permit is classified as a 'license' under the Act. Even a cursory reading of Article 667–22 in its amended form would indicate there must be *both a license and a permit at the same location.* Here, there is only one—a Wine and Beer Retailer's Permit." (Emphasis by Commission)

Prior to the amendment in 1969 of Article 667–22 appeal from suspension of a beer license, as distinguished from a permit under Article 666, was denied in Texas Liquor Control Board v. Falstaff Distribut-

ing Co., 369 S.W.2d 483 (Tex.Civ.App. Houston 1963, no writ). Appeal from suspension of a retail on-premises beer license was denied in Texas Liquor Control Board v. Gonzalez, 400 S.W.2d 619 (Tex.Civ.App. San Antonio 1966, writ ref.).

■ We have concluded that the Legislature, in amending the statute, intended in 1969 to provide for appeal from suspension of a retail dealer's license issued to the holder of a retail permit at the same location, and by the amendment to remove the prior restriction, on the general authority under Article 666–14, as to an appeal from an order of suspension. The caption of the 1969 Act states, with reference to Section 12, that the amendment provides ". . . for appeal of a suspension of a license of a retail permit at the same location . . ." (General and Special Laws, 61st Leg., vol. 1, p. 80).

■ The San Antonio court of civil appeals earlier reached the same conclusion in a decision announced February 21, 1973, in Texas Alcoholic Beverage Commission v. Zulaica, doing business as Tin Bell Club, Tex.Civ.App., 492 S.W.2d 84. We agree with the opinion of that court and with the holding that the trial court had jurisdiction over the appeal from suspension of a wine and beer retail permit. We hold that appellee in this case had the right under Article 667–22 as amended in 1969 to appeal to the district court from the suspension of her wine and beer retail permit.

After the trial judge overruled the Commission's plea to the jurisdiction and received the Commission's announcement that it declined to proceed further, appellee moved for judgment without offering any evidence. The court granted appellee the relief requested and set aside the order suspending the wine and beer permit as "not supported by substantial evidence."

■ Under Article 666–14 a proceeding on appeal must be against the Commission alone as defendant ". . . and the trial shall be de novo under the same rules as ordinary civil suits . . ." with certain exceptions not controlling here. The burden of proof is on the appellant in such appeals to show that the administrative order is not reasonably supported by substantial evidence. Texas Liquor Control Board v. Armstrong, 300 S.W.2d 146, 147 (Tex. Civ.App. San Antonio 1957, writ ref.).

No proof was offered by appellee in the trial court, and no statement of facts has been brought forward on appeal. Appellee relies on her sworn pleadings to support the judgment of the trial court that the order of suspension was not supported by substantial evidence. We hold that proof must be made as in ordinary civil suits by the party appealing from the order of suspension that the order was not supported by substantial evidence. Texas Liquor Control Board v. Armstrong, *supra*; Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198 (1949).

The judgment of the trial court is affirmed, in so far as it sustains appellee's right to appeal from an order of suspension of the wine and beer permit, and is reversed in so far as it sets aside the order of suspension as not supported by substantial evidence. The cause is remanded for further proceedings in conformity with this opinion.

The judgment is affirmed in part and in part reversed, and the cause is remanded.

Affirmed in part and in part reversed and remanded.