TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,

v.

Michelle LANCASTER d/b/a Embassy Lounge, Appellee.

No. 15948.

Court of Civil Appeals of Texas, San Antonio.

March 1, 1978.

Rehearing Denied March 29, 1978.

John L. Hill, Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Joe B. Dibrell, Richel Rivers, Asst. Attys. Gen., Austin, for appellant.

Tuck R. Chapin, San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted in the District Court of Bexar County, Texas by Michelle Lancaster, appellee, against the Texas Alcoholic Beverage Commission, appellant, seeking to have the Court grant a permanent injunction prohibiting the Texas Alcoholic Beverage Commission, its administrators, agents, employees, or servants from enforcing or attempting to enforce an order that was made on June 30, 1977 by the assistant administrator of the Texas Alcoholic Beverage Commission suspending for ten days the mixed beverage permit issued to appellee doing business as the Embassy Lounge in San Antonio, Texas. Appellee filed suit against appellant on July 14, 1977 and a citation was served on the appellant on July 15, 1977, commanding it to appear by filing a written answer on the first Monday after 20 days of service. On July 19, 1977, the appellee obtained a trial setting on the merits for July 22, 1977 at 9:00 a. m. This notice was not received by appellant until after the trial at 9:00 a. m. in the District Court on July 22, 1977, at which time the court granted the injunction.

Appellant contends that the trial court was without jurisdiction to issue the permanent injunction because the appellee failed to exhaust administrative remedy by failing to file a motion for rehearing as required by § 16(e) of the Administrative Procedure and Texas Register Act, Art. 6252–13a, Tex. Rev.Civ.Stat.Ann. (Supp.1978). We agree.

§ 16(e) provides ". . . , a motion for rehearing is a prerequisite to an appeal. A motion for rehearing must be filed within 15 days after the date of rendition of a final decision or order . . . ." The record in this case shows that the appellee has failed to plead or prove that a motion for rehearing was filed. There are many cases holding that there is no constitutional requirement that the State allow a judicial review of an order of an administrative board such as appellant herein. *Texas Liquor Control Board v. Gonzalez*, 400 S.W.2d 619 (Tex.Civ. App.—San Antonio 1966, writ ref'd); *Texas Liquor Control Board v. Scrivano*, 256 S.W.2d 598 (Tex.Civ.App.—San Antonio 1953, no writ). The only appeal from an order of the Texas Alcoholic Beverage Commission is provided in the Administrative Procedure Act and must be in strict compliance therewith. *Texas State Board of Pharmacy v. Kittman*, 550 S.W.2d 104 (Tex. Civ.App.—Tyler 1977, no writ). In *Texas State Board of Pharmacy v. Kittman* the court stated at page 106 that, "[A]s we interpret the language of the Administrative Procedure Act, the legislative intent is clear and unambiguous. It clearly appears that the legislature intended for the motion for rehearing to be an integral part of the administrative procedure and the failure to file the motion amounts to a failure to exhaust the administrative remedy. Section 16(c) provides that a decision becomes final and *not* appealable in the absence of a timely motion for rehearing. Section 16(e) makes a motion for rehearing 'a prerequisite to an appeal.' Section 19(a) allows judicial review only after administrative remedies are exhausted."

We hold that the record in this case failed to show that the trial court had jurisdiction of this suit. *Richardson v. First National Life Ins. Co.*, 419 S.W.2d 836 (Tex. 1967).

The judgment of the trial court is reversed and injunction set aside and dissolved and the petition therefor dismissed.