**SWEENY COMMUNITY HOSPITAL, et al., Appellant,**

v.

**Fatima SAYEED, M.D., Appellee.**

**No. B14–84–445CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 13, 1984.

Robert L. LeBoeuf, Gilbert & Gilbert, Angleton, for appellant.

Wiley Thomas, Angleton, for appellee.

Before PRESSLER, ROBERTSON and ELLIS, JJ.

OPINION

ELLIS, Justice.

Sweeny Community Hospital, members of its board of directors, and several members of its medical staff appeal from an order granting a temporary injunction by the trial court in favor of appellee, Fatima Sayeed, M.D., enjoining them from interfering with appellee's medical practice, clinical rights, or in any way limiting the surgical

privileges of appellee. We vacate the trial court's order and dissolve the injunction.

Appellants bring six points of error on appeal. All of the points allege an abuse of discretion by the trial court. Appellants' first point of error asserts that the trial court abused its discretion, as a matter of law, because it failed to apply the law correctly to the undisputed facts. Points two and three allege error in an abuse of discretion because the court granted a temporary injunction which interfered with the lawful exercise of duties and functions granted to the hospital governing board by statute and failed to balance the equities between public and private injury. Appellants in their fourth point of error claim an abuse of the trial court's discretion because the court lacked jurisdiction since appellee failed to exhaust her administrative remedies. In their fifth and sixth points of error, appellants assert an abuse of discretion by the trial court because there was no pleading or proof which established that appellee had a probable right of recovery and was entitled to injunctive relief and because the court entered an injunctive order which does not conform to the specific provisions of TEX.R.CIV.P. 683.

■ We agree with appellants' fourth point of error. The hospital adopted by-laws, some of which provide for the appointment, termination, delineation, and curtailment of medical privileges. When a board is given the right of administrative review the administrative procedures must be exhausted before injunctive relief is sought. In *State v. Sewell*, 487 S.W.2d 716, 719 (Tex.1972), the court held that where decisions at prior hearings were not final determinations of merits of the complaints, an injunction preventing further administrative review was an interference with the grievance procedures and a clear abuse of discretion. In that case the injunction was vacated. In *Texas Alcoholic Beverage Commission v. Lancaster*, 563 S.W.2d 380, 381 (Tex.Civ.App.—San Antonio 1978, no writ), the court held that the trial court was without jurisdiction since the plaintiff failed to exhaust his adminis-

trative remedies. *See also Daniel v. Dallas Independent School District*, 351 S.W.2d 356 (Tex.Civ.App.—El Paso 1961, ref'd n.r.e.).

■ We find that appellee failed to exhaust her administrative remedies. The Executive Committee of the medical staff had recommended that: (1) appellee's surgical privileges be reinstated but that a staff board certified or board eligible surgeon must assist at all surgical procedures under general anesthesia, (2) appellee should enroll in a review course in anesthesiology, and (3) appellee should have a one (1) year probation in which all surgical cases would be reviewed. The hospital's Board of Governors had referred the matter back to the Executive Committee, a committee composed of staff members, for further consideration. The committee was unable to make a final determination because appellee had filed suit and the trial court granted a temporary restraining order to prevent any further action regarding appellee's surgical and clinical privileges. During the temporary injunction hearing appellee admitted that she knew the matter had been referred back to the Executive Committee and therefore she knew that all administrative remedies had not been exhausted. Clearly, appellee sought the injunction before all of the available administrative remedies had been exhausted, before there was a final determination by the Board of Governors. Without an exhaustion of the administrative remedies, the trial court was without jurisdiction. Since the court lacked jurisdiction, we must dissolve the injunction.

Due to the discussion above, we find it unnecessary to consider appellants' other points of error. Accordingly, the trial court's order is set aside and the injunction is dissolved.