*a* Minor's Ala. Rep. 89, 93. 1 Stewart 18.

*b* 2 Strange Rep. 1110.

---

## JOHNSTON *et al* v. ATWOOD.

1. The act giving summary judgment in this Court, on motion, against securities in writ of error bonds, is not repugnant to the constitution.
2. Nor is the exercise of that power to be considered as the assumption of original jurisdiction by this Court.
3. A party may in certain cases, by acts of record, waive his right of trial by jury.

THIS was a writ of error sued to this Court by Johnston and M'Grew, to reverse a judgment of the County Court of Marengo county, rendered against them in favor of Atwood, on the trial of an appeal from a magistrate's Court. At a previous day of the term, the judgment of the Court below was, on the errors assigned by Johnston and M'Grew, affirmed in this Court; and under the statute, in the usual form, judgment was rendered against

29

Johnston and M'Grew, and against Lewis Parham, who was their security in the writ of error bond.

STEWART, on behalf of Parham, the security in the error bond, moved this Court to set aside the judgment as to him. Two grounds were assumed in the argument, on which it was contended that this Court had no power to render such a judgment, to wit: 1st, that it was the exercise by this Court of original jurisdiction, which this Court has not; 2d, that the act under which the authority was exercised is unconstitutional, as there is no mode provided for the trial of the liability of the security by a jury, this being a revising Court merely.

PICKENS for the appellee.

By LIPSCOMB, Chief Justice. In this case, judgment has been entered during this term against the security in the writ of error bond; and a motion is now made to set aside that judgment, on the grounds, 1st, that in the rendition thereof, this Court has exercised original jurisdiction; 2d. that it is a violation of the constitution to render a judgment without the intervention of a jury. These points have been pressed with much ingenuity and ability by the counsel, and if he has failed to establish his positions, he has at least shewn that much mischief is to be apprehended from rendering judgment in this Court, against securities. But with considerations growing out of this aspect of the case, we can hold no communion. We have only to inquire whether the judgment is authorized by law or not. This Court cannot, it is true, exercise original jurisdiction; but to determine what is an exercise of original jurisdiction, we must test it by applying it to the subject matter on which such jurisdiction has been exercised. Original jurisdiction has been exerted over the subject matter in controversy between the parties litigant in the Court below, and when we render judgment here against the security to the writ of error bond, we are not exercising original jurisdiction, because the subject matter of the controversy had been previously adjudicated, and we are only inquiring if that judgment is correct; if correct, as an incident to the affirmance, judgment is rendered against the security in the writ of error bond. On the record, for so I shall call the writ of error bond, we find the name of a party, not originally a litigant in the subject matter of controversy, but who has come into the record after judgment, and makes himself *quasi* a par-

JULY 1829.

Johnston et al.
v.
Atwood.

ty to such judgment, by undertaking that judgment may be rendered against him, if the Supreme Court should affirm it. This is the legal effect of his undertaking. And we have no facts to inquire into, as to his right or liability, that the record will not answer.

On the 2d ground, it is contended that the security has a constitutional right to be tried by a jury. The constitution, in guaranteeing the right of trial by jury, never intended any thing more than securing to the party a right to have contested facts tried by a jury. It never could have been designed to have so far changed ƒthe whole doctrine of evidence, as to have records tried by a jury; when a debtor acknowledges his debt of record, he leaves no contested fact to be tried by the jury. In the case of *Logwood v. The Huntsville Bank,* [a] it was said by this Court, that "what had never been demanded could with no propriety be said to have been denied, and that the defendant had never claimed a trial by jury." And it might further be urged with much force, that the demand of a jury trial should be made at such time, and in such form, as the law had prescribed for pleading, and for the ascertainment of the material facts. Were this not required, a party might insist, that he had a right to be heard by a jury in this Court. The security at the time he entered into the writ of error bond, knew all the consequences of thus making himself a party to the judgment in the Circuit Court; he knew that the cause then went to a tribunal where the facts were not inquired into, beyond what was apparent on the record; and his volunteering himself as a party under such circumstances, was virtually a waiver of all claim to a jury trial. There are many cases where a party by his own act, deprives himself of a jury trial. By executing a power of attorney to confess judgment, he may waive his jury trial. Executors and administrators are made parties in this Court, and their rights to some extent adjudicated, without the intervention of a jury, because that they came into the record as parties, after the subject matter of the suit had been tried in the Court below. If fraud has been practised, the Courts of Equity are generally competent to administer relief, we might however as soon suppose fraud and forgery in sending up any other part of the record by the clerk, as that he would certify falsely that the security had joind in the writ of error bond, when in fact he had not.

The motion must be overruled.