Ex parte CITY OF FLORALA.

CITY OF FLORALA v. McLEOD.

(4 Div. 305.)

Supreme Court of Alabama. June 9, 1927.

1. Statutes 231—Where statute has been recodified without change after judicial construction, such construction is presumed adopted by Legislature.

Where statute has been recodified without change after judicial construction of it, the rule of presumed legislative adoption of existing construction applies.

2. Jury 17(1)—Questions of validity of proceedings for improvement are for court, while questions of fact should be submitted to jury on demand (Code 1923, §§ 2209, 2210).

Under Code 1923, § 2209, questions of validity of proceedings and their sufficiency to empower court to ascertain proper charge against property, under section 2210, are for court, but questions of fact, particularly as to increased value of property by reason of special benefits from improvement, should be submitted to jury, on proper demand.

3. Jury 25(8)—On appeal from municipal improvement assessment, demand for jury trial, indorsed on appeal bond, held sufficient, though not reaching circuit court within 10-day period (Code 1923, §§ 2204, 2205, 8596).

On appeal from local assessment on abutting property for municipal improvement, under Code 1923, § 2204, demand for jury trial, indorsed by property owner on appeal bond, filed with and approved by the mayor, under section 2205, within 10-day period allowed by section 8596, held sufficient, though same did not reach circuit court until after expiration of 10-day period.

Original petition of the City of Florala for mandamus to Hon. W. L. Parks, Judge of the Twelfth Judicial Circuit. Mandamus denied.

A. Whaley, of Andalusia, for appellant.

The city council being an inferior court, an appeal lay from its assessment to the circuit court, and, in order to have the benefit of trial by jury, demand must be made in writing and filed with the clerk of the circuit court within ten days from the approval by the mayor of the appeal bond; otherwise jury trial is waived. Code 1923, §§ 2199, 2204, 2205, 2207, 2209, 8596, 9597; Knight v. Farrell, 113 Ala. 258, 20 So. 974; Ex parte Elba B. & T. Co., 199 Ala. 651, 75 So. 294; Brock v. De-

catur, 185 Ala. 146, 64 So. 73; Robinson v. Newton Gro. Co., 200 Ala. 528, 76 So. 854; Fletcher v. State, 11 Ala. App. 180, 65 So. 683; Schwend v. Birmingham, 215 Ala. 491, 111 So. 205.

J. Morgan Prestwood and A. R. Powell, both of Andalusia, for appellee.

The law does not require, in a case such as this, that defendant should file his demand for a jury trial with the clerk of the circuit court, but only that he file his demand in the cause. The 10-day statute does not apply to this case because the city council is not an inferior court. Code 1923, §§ 8595, 8596, 2205, 2207, 2208, 2209; Knight v. Farrell, 113 Ala. 258, 20 So. 974; Blankenship v. Parsons, 113 Ala. 275, 21 So. 71.

BOULDIN, J. This is a proceeding by mandamus directed to Hon. W. L. Parks, judge of the Twelfth circuit, to require a pending cause transferred to the nonjury docket and heard by the presiding judge without a jury. The cause involved is an appeal from a local assessment on abutting property for municipal improvements. Code, § 2204. The petition for mandamus is rested upon two grounds: (1) That no jury is allowed on such appeal; (2) that the right of a jury trial was waived for want of demand according to law.

In City of Huntsville v. Pulley, 187 Ala. 367, 65 So. 405, this court construed section 1394, Code of 1907, now section 2209, Code of 1923, defining the manner of hearing and the issue to be determined on appeals of this class. We held that, in view of the recognized system of jury trials in circuit courts, the clause "the court shall hear" will be construed in an inclusive sense, meaning judge and jury, and that a jury was properly allowed for the trial of issues of fact arising on such appeals.

In Green v. Stephens, 198 Ala. 325, 73 So. 532, dealing with a different statute from that before us, the court in arguendo referred to a change of policy as to jury trials, in that, since the act of 1915 (Acts 1915, p. 824), all cases at law are tried by the court, unless a jury is demanded. That case involved a statutory change striking out the provision for a jury.

In Schwend v. City of Birmingham (Ala. Sup.) 111 So. 205,[1] the court again adverted to the statute and the two cases above mentioned, but the decision in the Schwend Case is rested upon want of a due and timely demand for a jury trial. Neither of these later cases decides the question here presented.

[1] We note the statute here involved has

been recodified without change since the Pulley Case was decided. The rule of presumed legislative adoption of the existing construction applies. The change of policy goes only to the extent that failure to make demand is deemed "a waiver of the right of trial by jury." Code, § 8597. This implies the right of trial by jury remains as theretofore, if seasonably demanded in statutory manner. We reaffirm the Pulley Case as still the law.

[2] So far as the trial under Code, § 2209, is upon the record to determine whether valid proceedings have been had to fasten a lien on the property, or whether they are substantially sufficient, so as to empower the court to ascertain the proper charge against the property under section 2210, the issues are for the court; but issues of fact, chief among them usually being the increased value of the property by reason of the special benefits derived from the improvement, should be submitted to a jury on proper demand.

[3] The demand for a jury trial was indorsed by the property owner upon the appeal bond filed with and approved by the mayor under Code, § 2205. The city clerk is required to immediately send to the clerk of the circuit court a transcript of the proceedings. Section 2207 of the Code. The appeal bond accompanies this record and judgment may go against principal and sureties in the circuit court. Section 2215, Code. The point is made that the bond with the demand for a jury trial indorsed thereon at the time the bond was executed did not reach the clerk of the circuit court or his office within 10 days after appeal taken, and, it is claimed, was not "filed in the cause" within 10 days as required by Code, § 8596.

We concur with Judge Parks that the demand was sufficient and within time. While the file, the record of the cause, is still in the lower court only, not having been certified or docketed as a pending cause in the circuit court, the spirit of the statute is complied with, if the demand is indorsed upon the appeal bond within the 10-day period, and thus becomes a part of the record in the cause which must be filed in the circuit court. The demand thus appears in the circuit court as soon as any orders are due to be made looking to a trial. Freeman v. Bridges, 123 Ala. 287, 26 So. 512; Ex parte Fletcher, 188 Ala. 1, 66 So. 148; Ayers v. Barbour, 19 Ala. App. 470, 98 So. 34; Leith v. State, 206 Ala. 439, 90 So. 687.

The petition for writ of mandamus is denied.

Mandamus denied.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

[1] 215 Ala. 491.