28 So.2d 203

### MOORE v. CITY OF MOBILE.
#### 1 Div. 264.

Supreme Court of Alabama.
Dec. 5, 1946.

Reversed and remanded.

Johnston, McCall & Johnston, of Mobile, for appellant.

438

Harry Seale, of Mobile, for appellee.

GARDNER, Chief Justice.

Appellant, Ida Arata Moore, the owner of two city lots with improvements thereon designated as parcels 7 and 8, and more particularly described in the ad quod damnum proceeding, being dissatisfied with the amount of compensation awarded in the Probate Court of Mobile County, upon the condemnation of her property for municipal purposes, appealed to the Circuit Court, as provided in Title 19, Section 17, Code of 1940.

So far as the merits of the case were concerned, the only question for consideration on appeal was the proper valuation of the property so condemned.

A preliminary matter, however, was presented relating to the right of trial by jury in said Circuit Court. The appeal to the Circuit Court from the order of condemnation under the above noted statute was entered October 1, 1945, and service of the notice of appeal accepted on that date by counsel for the City. Ida Arata Moore made no demand for a trial by jury. But on October 29, 1945, the City through its attorney filed written demand in the Circuit Court that the case be tried by a jury. Appellant moved to strike this demand for a jury trial for the reason that it was not made within the time required by law, and that the City had waived its right to demand such a trial. This motion was denied, as was the motion of appellant that the Court restore the case to the nonjury docket. It will be noted that the demand of the City for a jury trial was made long subsequent to the expiration of the ten days after service of notice of appeal to the Circuit Court.

The statute upon which appellant relies is Title 7, Section 264, Code of 1940, which provides, in substance, that in all causes in the Circuit Court brought by appeal or certiorari from the judgment of Justices of the Peace, or other inferior courts, the issues of fact shall be tried by the judge without a jury unless demand for a jury trial be made in writing and filed in the cause by the party suing out the appeal, or certiorari, within ten days; or filed in the cause by the opposite party within ten days after he had been served with notice of the appeal. The succeeding section (265) is to the effect that the failure to demand in writing a jury trial, as provided, shall be considered a waiver of the right.

It is to be noted that Title 19, Section 17, Code of 1940, providing for appeals in condemnation cases to the Circuit Court, makes provision that the trial shall be de novo, but without any reference to the question of a jury trial. And Article 12, Section 235, Constitution of 1901, dealing specifically with condemnation matters, merely provides, upon this question, that the amount of the damages in all cases of appeal shall, on demand of either party, be determined by a jury according to law. It is clear enough, therefore, so far as this constitutional provision is concerned, it is

in entire harmony with the statutory provisions as to the demand for trial by jury, and the right to waive a jury trial, if the party so desires. In Article 1, Section 11, Constitution of 1901, is the provision that the right of trial by jury shall remain inviolate. But, as observed in Oliver v. Herron, 106 Ala. 639, 17 So. 387:

"The right of jury trial is a personal right, of which no person can be deprived against his will, but there is neither constitutional nor statutory provision which prohibits him from waiving his constitutional privilege in civil actions."

And in the early case of Johnston v. Atwood, 2 Stew. 225, is the observation that "what had never been demanded could with no propriety be said to have been denied."

The general rule relating to this matter with right of trial by jury and the waiver of such right is stated in 35 Corpus Juris page 227, as follows:

"The legislature may make any reasonable regulation as to what acts of a party shall be deemed a waiver of the right to a jury trial, and may authorize a waiver in criminal cases. It may provide that to entitle a party to a jury trial he must make a demand therefor, and may prescribe at what stage of the proceedings, and in what manner, the demand shall be made, and may also require him to file within a certain time a notice that a jury trial will be demanded; but the court cannot make any rules to this effect which are in contravention of the express provisions of the constitution or statute."

■ And speaking of the right of eminent domain, and the right of trial by jury, found in 29 C. J. S., Eminent Domain, § 281, page 1285, is the following:

"A constitutional guaranty that the compensation shall be assessed by a jury may be waived, as where there is failure to make due and timely application for jury trial on appeal from an award by commissioners or on appeal from a judgment confirming such award."

To like effect, see 30 C. J. S., Eminent Domain, § 372, page 71.

■ All of our authorities are in full accord. They are to the effect that a demand not made within the time prescribed by legislative act comes too late, and is a waiver of the right. Taylor v. Farmers' State Bank, 213 Ala. 356, 104 So. 801; Carothers v. Callahan, 207 Ala. 611, 93 So. 569; Logwood v. Huntsville Bank, Minor 23; Johnston v. Atwood, 2 Stew. 225; Ex parte Ansley, 107 Ala. 613, 18 So. 242; Robinson v. Newton Grocery Co., 200 Ala. 528, 76 So. 854; Blankenship v. Nimmo, 50 Ala. 506; Alabama Utilities Co. v. Staggers, 234 Ala. 101, 173 So. 55, 56.

In the last cited case the court emphasized the mandatory character of statutes of this kind, wherein it was observed:

"Plaintiff had waived the right of trial by jury. Defendant made no demand for jury trial. The statute expressly declares that in such event the case shall be tried by the judge. It is not within the discretion of the court on its own motion nor on the motion of plaintiff to transfer the cause to the jury docket.

"On motion of defendant, made before entering upon the trial, the cause should have been retransferred to the nonjury docket. Refusal of such motion is error to reverse."

■ The remaining question, therefore, relates to the applicable statute. Evidently, the City considered the case was one governed by Title 7, Section 260, Code of 1940. But, we are of the opinion that a reading of the provisions of that section clearly indicate it has application to cases instituted in that court and that it was not intended to apply to appeal cases such as here involved. The case of Massey v. Reynolds, 213 Ala. 178, 104 So. 494, may be cited as having some indirect bearing.

■ On the contrary we are persuaded that Title 7, Section 264, Code of 1940, governs this case. The Court of Probate is one of constitutional recognition with important jurisdiction. But we are nevertheless convinced that it is an inferior court within the meaning of said Section 264. The Judge of Probate is the judge of the county court (Title 13, Section 313, Code 1940) from which an appeal may be prosecuted to the Circuit Court (Title 13, Section 326, Code 1940) where a jury trial may be had on demand of the defendant as

prescribed by law. What demand is prescribed by law in such appeal? The answer is the demand as specified in Section 264, Title 7, supra, as clearly there is no other applicable statute.

This is a cause brought by appeal from said Court of Probate to the Circuit Court, and such appeal is, we think, brought well within the meaning of the above noted statute. This statute was held applicable to appeals from assessment on abutting property for municipal improvements in Ex parte City of Florala, 216 Ala. 351, 113 So. 312.

The case of Memphis & C. R. Co. v. Birmingham S. & T. R. Co., 96 Ala. 571, 11 So. 642, 18 L.R.A. 166, cited by counsel for appellee, is merely to the effect that no statute authorizing the taking of property for public use would be a valid enactment unless a trial by jury was accorded thereby. But, as we observed above, this guarantee of jury trial contained in Article 12, Section 235, Constitution of 1901, is to the effect that on appeal the amount of damages is to be determined by a jury on demand of either party. It is clear enough, therefore, that this authority is without influence here.

The case of Ex parte Sumlin, 204 Ala. 376, 85 So. 810, 811, is merely to the effect that on appeal from a judgment of the Probate Court in a will contest, either to the Circuit Court or the Supreme Court, the jurisdiction of the reviewing court is revisory only, the judgment being reviewed solely on the record, including bill of exceptions, when required. In the course of discussion, the opinion referred to the exclusive jurisdiction of the Probate Court in the granting of letters testamentary and of administration of the estate, and in this respect it had the powers and attributes of courts of general jurisdiction. Reference is also made in the opinion to what is now Section 264, Title 7, Code of 1940, wherein it was observed: "The provision quoted was not intended, and cannot possibly be construed as intending, to create new rights of trial by jury in the circuit court; but, on the contrary, its sole purpose is to take away the right to have a trial by jury, unless that right is seasonably claimed in the manner prescribed, in all cases wherein, upon appeal, the trial is to be de novo in the circuit court." And, indeed, this is our construction of Section 264, supra. The inferior courts there referred to meant those courts from which the judgment could be appealed to the circuit court, where a trial de novo is provided. There is suggestion in brief that to so construe the statute would be to ignore the doctrine of ejusdem generis. We have, of course, fully recognized this doctrine in the construction of statutes, as well as of contracts. Louis Pizitz Dry Goods Co. v. Fidelity & Deposit Co., 223 Ala. 385, 136 So. 800; Goode v. Tyler, 237 Ala. 106, 186 So. 129. But the authorities generally agree that the doctrine of ejusdem generis is far from being one of universal application. It is but a rule of construction to aid in ascertaining and giving effect to the legislative intent where there is uncertainty. If, however, on consideration of the context and whole law upon the subject, and the purposes sought to be effected, it is apparent that the Legislature intended the general words to go beyond the class specifically designated, the rule does not apply. 50 Am.Jur. 246, 248.

As we have previously observed, Section 260, Title 7, Code 1940, indicates upon its face that it only has application to those cases originating in the circuit court. But, Section 264, supra, specifically provides for cases appealed to the circuit court. It not only provides for those cases which reach the circuit court by certiorari discussed in Ex parte Homewood Dairy Products Co., 241 Ala. 470, 3 So.2d 58, but also to all appeal cases to the circuit court. We are, therefore, of the opinion that it is entirely logical that the meaning of the statute is that inferior courts therein referred to mean those courts from which appeals are taken, and where the trial is de novo in the circuit court. Indeed, such was the express language of the opinion in Ex parte Sumlin, supra, to which we adhere.

We have carefully considered Ex parte Homewood Dairy Products Co., supra, and we are unable to find anything in that opinion which at all militates against the conclusion here reached.

Counsel lay much stress upon that part of the opinion referring to inferior courts

as those to which statutory certiorari were applicable. But this argument overlooks the fact that the court was discussing certiorari only, as that was the matter before the court, and was not considering the question of appeal from inferior courts. Of course, under the provisions of Section 264, supra, the provision for appeal cases is not to be ignored. Indeed, the gist of that decision is to be found in the holding that due process of law is not denied in construing the statute creating the Alabama State Milk Control Board, as giving power to the Board to make a conclusive finding of fact with a review by the circuit court on certiorari without a trial by jury. That was the pivotal point in the case.

We, therefore, conclude that Section 264, supra, is the controlling statute, and that the appellant's motion to strike the City's demand and to have the case retransferred to the nonjury docket should have been sustained.

For the error indicated let the judgment stand reversed.

Reversed and remanded.

BROWN, LIVINGSTON, and SIMPSON, JJ., concur.