WRIGHT, Presiding Judge.
Elvie K. Earnest and Marjorie K. Earnest executed in 1980 a note for $40,000, secured by a mortgage upon real estate, payable to First Federal Savings and Loan Association of Alabama (First Federal). The Earnests later suffered financial difficulties and fell behind on their payments. First Federal foreclosed the mortgage and became the purchaser at the foreclosure sale. Thereafter, First Federal sent a certified letter to the Earnests demanding possession of the foreclosed property. The Earnests refused to move from the property or to deliver possession to First Federal, claiming that they held a common law lien on the property.
In August 1984 First Federal filed a complaint in the Circuit Court of Walker County against the Earnests styled “Complaint for Unlawful Detainer.” An answer to the complaint was filed by the Earnests, pro se, denying the allegations of the complaint and claiming the lien. After a non-jury trial, a final judgment was entered in December 1984, holding that First Federal was entitled to the immediate possession of the mortgaged property. The court further held that the Earnests were unlawfully detaining the property and that the Earnests’ common law lien was invalid against First Federal.
The Earnests filed a motion for relief from judgment. This motion requested the court to find that it did not have jurisdiction over the unlawful detainer action. The court granted this motion and set aside the judgment. First Federal then filed a motion to reconsider, which alleged that the cause of action as filed and tried in the court was an ejectment action. The court granted this motion and reinstated the judgment. It found that the original complaint, although styled “unlawful detain-er,” averred the cause of action of ejectment. The Earnests appeal from that judgment.
Two issues are presented on appeal: (1) whether the court erred when it relabeled the complaint for unlawful detainer as an action in ejectment, and (2) whether the Earnests timely filed a request for a jury trial.
I.
Although it is desirable to label motions and pleadings correctly, a penalty will not be imposed for mislabeling, where the body of the motion or pleading complies with the applicable procedural requirements. Swain v. Terry, 454 So.2d 948 (Ala.1984); Committee Comments, Rule 7, A.R.Civ.P. Section 6-6-280, Code of Alabama 1975, contains the elements which must be pleaded in an action of ejectment. This section states:
“[A]nd the complaint is sufficient if it alleges that the plaintiff was possessed of the premises or has the legal title thereto, properly designating or describing them, and that the defendant entered thereupon and unlawfully withholds and detains the same. This action must be commenced in the name of the real owner of the land or in the name of the person entitled to the possession thereof, though the plaintiff may have obtained his title thereto by a conveyance made by *82 a grantor who was not in possession of the land at the time of the execution of the conveyance thereof. The plaintiff may recover in this action mesne profits and damages for waste or any other injury to the lands, as the plaintiffs interests in the lands entitled him to recover, to be computed up to the time of the verdict."
The complaint in this case averred that First Federal was suing to recover possession of certain land and set forth a description of the land. It also stated that First Federal was entitled to possession by virtue of the purchase of this land at a foreclosure sale, as shown by the foreclosure deed, and that the Earnests were unlawfully detaining such land. The action was commenced by First Federal, the party entitled to possession of the land. The complaint demanded damages for the unlawful detention of the property. The trial court correctly concluded that although the original complaint was styled “unlawful detain-er,” the body of the complaint contained the elements of an action in ejectment and the case was tried as an action in ejectment.
II.
The right to a jury trial is a fundamental right, and no person can be deprived of this right against his will. However, there is no constitutional or statutory privilege which prevents a person from waiving this privilege. Moore v. City of Mobile, 248 Ala. 436, 28 So.2d 203 (1946). The demand for a jury trial must be in writing and must be made not later than thirty days after the service of the last pleading directed to the complaint or to the issue desired to be tried by jury. Dorcal, Inc. v. Xerox Corporation, 398 So.2d 665 (Ala.1981); Rule 38, A.R.Civ.P. Rule 38(d), A.R.Civ.P. provides that “The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury.”
The Earnests did not timely file their demand for a jury trial in this case. There is no demand for a jury trial in the Earnests’ answer. The answer states: “Defendants again make a matter of record the fact that this is a common-law action and will be settled in a court at law, which is in contrast to equity, chancery, admiralty, or maritime jurisdiction. This RIGHT is guaranteed us under the 7th Amendment to the Bill of Rights." This reference to the 7th amendment is not a sufficient demand for a jury trial. The constructive notice that the Earnests hand served on First Federal and its attorney does not comply with Rule 38(d). The Earnests did not file this notice with the court, at the same time, or within a reasonable time, after they served First Federal. The attempt to serve the trial judge some three months later was not timely, and the Earnests waived their right to a jury trial.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.