ROBERTSON, Presiding Judge.
Petitioners seeking this writ of mandamus filed an appeal from the Zoning Board of Adjustment of the City of Cullman to the Circuit Court of Cullman County.
The notice of appeal was filed on March 30,1992. On April 28,1992, the petitioners amended their notice of appeal to demand a trial by jury, and also filed a separate pleading entitled “Demand for Jury Trial.” A motion in opposition to the petitioners’ demand for a jury trial was filed, alleging that the demand was not timely pursuant to Rule 38(b), Alabama Rules of Civil Procedure. On May 8, 1992, the trial court entered an order striking the petitioners’ jury trial demand on the basis that Rule 38(b) required that such demand must be made within 10 days after the filing of the notice of appeal.
The petitioners are requesting this court to issue a writ of mandamus directing the trial court to transfer this case to the jury docket and to allow the petitioners the right of trial by jury.
Mandamus is a drastic and extraordinary writ to be issued only where there is a clear legal right to the order sought by the petitioner; only where there is an imperative duty upon the trial judge to perform, accompanied by a refusal to do so; and only where there is a lack of another adequate remedy. Barber v. Covington County Comm’n, 466 So.2d 945 (Ala.1985). Put another way, this court and our supreme court have stated that “for us to grant the writ, credible allegations, ironclad in nature, must exist, which show that the law binds the trial judge to do what the petitioner has requested.” Ex parte Hudson, 562 So.2d 248, 249 (Ala.1990) (citation omitted).
Rule 38(b) provides:
“(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at *405 any time after the commencement of the action and not later than 30 days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party, and such demand shall be deemed to be a demand for a struck jury.
“In all actions in the circuit court brought by appeal or certiorari from any judgment of an inferior court, the party filing the notice of appeal or action for writ of certiorari may demand a trial by jury of any issue, triable of right by a jury, by serving upon the other parties a demand therefor in writing not later than 10 days after filing said notice or petition....”
The petitioners contend that a zoning board of adjustment is not an “inferior court” within the meaning of Rule 38, A.R.Civ.P.; therefore, even though it is an appeal, the 30-day time requirement for demanding a jury trial should apply. The petitioners state that they have been unable to find any case law in Alabama or across the nation which has held that a zoning board of adjustment is an inferior court.
The respondents contend, however, that in Ex parte City of Florala, 216 Ala. 351, 113 So. 312 (1927), our supreme court treated a city council as an inferior court. In that case, a writ of mandamus was sought to require a pending cause to be transferred to the non-jury docket because a jury demand was not made within the 10-day time period after the appeal was taken from the city council to the circuit court. The petitioner contended that the city council was an inferior court, and the respondent argued that the 10-day statute did not apply because the city council was not an inferior court. In deciding that case, our supreme court treated the appeal as being from an “inferior court” and found that the demand was timely and within the 10-day period as required by the statute governing appeals from inferior courts.
In Moore v. City of Mobile, 248 Ala. 436, 28 So.2d 203 (1946), our supreme court cited Ex parte City of Florala for the proposition that the 10-day jury demand statute was “applicable to appeals from assessment on abutting property for municipal improvements.” Moore, 248 Ala. at 440, 28 So.2d at 203. Our supreme court has also held that boards of adjustment perform quasi judicial functions and are amenable to judicial review in circuit court. Ball v. Jones, 272 Ala. 305, 132 So.2d 120 (1961), citing the predecessor to § 11-52-81, Ala.Code 1975.
The respondents further contend, in opposition to the issuance of the writ of mandamus, that Rule 38(b) contemplates two different time requirements for demanding a jury trial, that being 30 days for original actions commenced in circuit court and 10 days for appeals filed in circuit court. They argue that the obvious intent of the rule is to require that a jury demand be made within 10 days if the case comes to circuit court by virtue of an appeal and that this interpretation gives the rule its most straightforward and workable meaning. They contend that to decide otherwise would result in a simple rule being made complicated.
Our supreme court having held that a zoning board of adjustment is a quasi judicial body and that matters decided by that body may be appealed to the circuit court, Ball, and in view of Ex parte City of Florala, we cannot hold that when our supreme court promulgated Rule 38, A.R.Civ.P., it intended to exclude appeals from quasi judicial bodies from the 10-day time period. Therefore, we fail to find ironclad allegations showing that there is a clear legal right to the order sought and that the law binds the trial judge to transfer this case to the jury docket for a trial by jury. We are fully cognizant of the fundamental right to a trial by jury; however, our supreme court has held that the right to a jury trial will be waived if not properly demanded according to Rule 38(b), A.R.Civ.P. Baggett v. Sims, 387 So.2d 792 (Ala.1980).
WRIT DENIED.
THIGPEN and RUSSELL, JJ., concur.