Donna and Melvin Leigeber petition this Court for a writ of mandamus directing Judge Fred Folsom of the Cullman County Circuit Court to vacate his May 8, 1992, order striking their demand for a jury trial. This mandamus petition presents two issues: (1) whether the 10-day time limitation in Rule 38(b), Ala.R.Civ.P., or the 30-day time limitation in that rule, applies to a jury demand made in an appeal from a final decision of a board of zoning adjustment, and (2) whether the trial court's dismissal of the Leigebers' appeal tolled the running of the applicable time limitation. We hold that the 10-day time limitation in Rule 38(b) applies to appeals from final decisions of boards of zoning adjustment. Furthermore, we conclude that Judge Folsom's dismissal of the Leigebers' appeal tolled the running of the 10-day limitation until their appeal was reinstated. Accordingly, we grant the petition for the writ of mandamus.
 Facts
Brad and Charlie Eidson sought a variance from the City of Cullman board of zoning adjustment for lot 400 on the corner of First Avenue and Sixth Street in Cullman, Alabama. The Leigebers and other surrounding landowners opposed the variance. Ultimately, however, the board approved the variance.
On March 30, 1992, the Leigebers appealed the board's decision to the Cullman County Circuit Court, pursuant to §11-52-81, Ala. Code 1975,[1] and § 106.0 of the Cullman City Zoning Ordinance.[2] On the same day, the Eidsons moved the court to dismiss the appeal, and then they moved to intervene. On April 3, 1992, Judge Folsom dismissed the appeal, but then, on April 24, 1992, he reinstated the case and granted the Eidsons' motion to intervene.
On April 28, 1992, the Leigebers amended their notice of appeal to demand a jury trial. This amendment, which included the jury demand, was filed within 30 days of the initial notice of appeal. Also, the Leigebers filed a separate written demand for a jury trial on the same day they amended their notice of appeal.
On May 5, 1992, the Eidsons filed a motion in opposition to the Leigebers' demand for jury trial. The Eidsons asserted that the jury demand was not timely filed under Rule 38(b), Ala.R.Civ.P. On May 8, 1992, Judge Folsom entered an order striking the Leigebers' demand for a jury trial. In this order, Judge Folsom found that the Cullman board of zoning adjustment was an "inferior court" within the meaning of the second paragraph of Rule 38(b). Therefore, he held that the Leigebers had to file their demand for jury trial within 10 days of their notice of appeal, rather than within 30 days.
The Leigebers then petitioned the Court of Civil Appeals for a writ of mandamus. That court denied the writ, with an opinion. Ex parte Leigeber, 608 So.2d 404 (Ala.Civ.App. 1992). The Leigebers now petition this Court for the writ of mandamus. *Page 1070 
 The Time Limitation Issue
Rule 38(b), Ala.R.Civ.P., reads:
 "[¶ 1] Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 30 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party, and such demand shall be deemed to be a demand for a struck jury.
 "[¶ 2] In all actions in the circuit court brought by appeal or certiorari from any judgment of an inferior court, the party filing the notice of appeal or action for writ of certiorari may demand a trial by jury of any issue, triable of right by a jury, by serving upon the other parties a demand therefor in writing not later than 10 days after filing said notice or petition; and any other party may demand a trial by jury of any issue triable of right by a jury by, not more than 10 days after he has been served with such notice of appeal or petition for writ of certiorari, serving upon the remaining parties a demand therefor in writing. Such demand may be indorsed upon said notice or petition or other pleading of the party."
(Emphasis and paragraph numbers supplied.)
The Leigebers argue that a board of zoning adjustment is not a "court" and, therefore, is not "an inferior court" contemplated by paragraph 2 of Rule 38(b). Therefore, the Leigebers argue, a jury demand in an appeal from a final decision of a board of zoning adjustment is governed by paragraph 1 of Rule 38(b) and, thus, they argue, Judge Folsom clearly erred in striking their jury demand filed within the 30-day limitation of paragraph 1.[3]
In opposition, the Eidsons urge a holistic reading of Rule 38(b). According to the Eidsons, paragraph 1 of Rule 38(b) deals with actions commenced in the circuit court and that paragraph gives a party 30 days to demand a jury trial, while paragraph 2, they say, deals with actions appealed to thecircuit court or brought there by petition for certiorarireview and that paragraph gives a party only 10 days to demand a jury trial. This case, according to the Eidsons, was appealed to the circuit court, and, they argue, the 10-day limitation applies.
We find the Eidsons' argument regarding Rule 38(b) persuasive. Clearly, paragraph 1 deals with cases originally filed in the circuit court and paragraph 2 deals with cases brought there by appeal or petition for writ of certiorari. To focus merely on whether a board of zoning adjustment is "an inferior court" is to ignore the obvious tenor of Rule 38(b).
Furthermore, the statutory predecessors of Rule 38(b) clearly contemplated this same distinction between cases originally filed in circuit court and cases coming there by appeal or petition for certiorari review. Title 7, § 260, Ala. Code 1940 (Recomp. 1958), is the functional equivalent of paragraph 1 of present Rule 38(b), and Title 7, § 264, Ala. Code 1940 (Recomp. 1958), is the functional equivalent of paragraph 2 of Rule 38(b).
In pertinent part, Title 7, § 260, Ala. Code 1940 (Recomp. 1958), states:
 "All civil cases at law shall be tried and determined by the court without a jury unless the plaintiff indorses in writing his demand for a trial by jury on the summons and complaint, attachment, or other process or paper filed by him for the purpose of instituting the suit, or by filing a separate written demand with the clerk of the court at the commencement of the suit, or unless the defendant or other party occupying the position of defendant shall demand in writing a trial by jury within thirty days after the perfection of service on him, or unless the claimant shall demand *Page 1071 
in writing a trial by jury at the time of the filing of his claim."
(Emphasis supplied.)
Title 7, § 264, Ala. Code 1940 (Recomp. 1958), states:
 "In all causes in the circuit court brought by appeal or certiorari from judgments of justices of the peace or other inferior courts, the issues and questions of fact shall be tried by the judge of the court without the intervention of a jury unless a demand for a trial by jury be made in writing and filed in the cause by the party suing out the appeal or certiorari within ten days after suing out the same, or filed in the cause by the opposite party within ten days after he has been served with notice of the appeal or certiorari."
(Emphasis supplied.)[4]
Additionally, Moore v. City of Mobile, 248 Ala. 436,28 So.2d 203 (1946), and City of Florala v. McLeod, 216 Ala. 351,113 So. 312 (1927), are persuasive. Moore concerned an appeal from a probate court's ruling in a condemnation proceeding. City ofFlorala concerned an appeal from a city council ruling assessing the cost of city improvements to neighboring landowners. Both cases applied a 10-day limitation (Title 7, § 264, Ala. Code 1940, in Moore; and § 8596, Ala. Code 1923, inCity of Florala) to a jury demand in an appeal from a judgment entered by a body closely analogous to a board of zoning adjustment.
 The Tolling Issue
At the oral argument in this case, and for the first time, the Leigebers argued that even if this Court held that the 10-day requirement of Rule 38(b) applied in this case, they, nonetheless, had met that 10-day requirement. The Leigebers argue that Judge Folsom's dismissal of their appeal tolled the running of the 10-day limitation until the appeal was reinstated, because they could not have made a jury demand while the appeal was not pending. This argument has merit.
Mandamus is an extraordinary remedy requiring a showing that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889, 891
(Ala. 1991). Although the Leigebers did not raise this tolling argument before Judge Folsom, they did "seek an order" to which they had a clear legal right.
WRIT GRANTED.
HORNSBY, C.J., and SHORES, ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] Section 11-52-81 states:
 "Any party aggrieved by any final judgment or decision of such board of zoning adjustment may within 15 days thereafter appeal therefrom to the circuit court by filing with such board a written notice of appeal specifying the judgment or decision from which the appeal is taken. In case of such appeal such board shall cause a transcript of the proceedings in the action to be certified to the court to which the appeal is taken, and the action in such court shall be tried de novo."
[2] Section 106.0 of the Cullman City Zoning Ordinance states:
 "Any party aggrieved by any final judgment or decision of such Board of Zoning Adjustment, may within fifteen (15) days thereafter appeal therefrom to the circuit court or court of Cullman County, filing with such board a written notice of appeal specifying the judgment or decision from which appeal is taken. In case of such appeal such board shall cause a transcript of the proceedings in the cause to be certified to the court to which the appeal is taken and the cause in such court to be tried de novo."
[3] Stressing the "vested exclusively" language in § 12-1-2, Ala. Code 1975, the Leigebers also argue that the only "courts" allowed in Alabama are appellate, circuit, district, probate, and municipal courts.
Additionally, the Leigebers cite Lambert v. Board of Appeals,295 Mass. 224, 3 N.E.2d 784 (1936), as persuasive authority. InLambert, the Massachusetts Supreme Court held that boards of appeal, the functional equivalent of zoning boards of adjustment, are quasi-judicial administrative boards, but not courts.
[4] An examination of the pertinent provisions of the 1923 Code further strengthens our reading of Rule 38(b). Sections 8593, 8594, and 8595, Ala. Code 1923, state:
 "[§ 8593] In all civil cases at law in the circuit court, the issue and question of fact shall be tried by the judge of the court without the intervention of a jury, unless a jury trial be demanded in writing by the plaintiff at the commencement of the suit, or by the defendant or any other party occupying the position of defendant or claimant within thirty days after the perfection of service on him."
 "[§ 8594] If the plaintiff desires a trial by jury he shall indorse in writing his demand therefor on the summons and complaint, the attachment or other process or paper filed by him for the purpose of instituting the suit, or by filing a separate written demand with the clerk of the court at the commencement of the suit."
 "[§ 8595] If the defendant or other person occupying the position of defendant or claimant desires a trial by jury, he shall file a written demand therefor with the clerk of the court within thirty days after the perfection of service on him, by indorsing such demand upon his initial pleading or by a separate instrument."
It is significant, too, that § 8596, Ala. Code 1923, states:
 "In all causes in the circuit court brought by appeal or certiorari from judgments of justices of the peace or other inferior courts, the issue and question of fact shall be tried by the judge of the court without the intervention of the jury unless a demand for a trial by jury be made in writing and filed in the cause by the party suing out the appeal or certiorari within ten days after suing out the same, or filed in the cause by the opposite party within ten days after he has been served with notice of the appeal or certiorari." *Page 1072