PITTMAN, Judge,
dissenting.
I respectfully dissent. The ejusdem generis doctrine applied by the main opinion is but an “aid in ascertaining and giving effect to the legislative intent where there is uncertainty”; conversely, if “it is apparent that the Legislature intended the general words to go beyond the class specifically designated, the rule does not apply.” Moore v. City of Mobile, 248 Ala. 436, 440, 28 So.2d 208, 206 (1946). Here, the legislature has defined “[e]mergency capital expenditures” such that the term “indude[s], but [is] not necessarily limited to,” various enumerated situations involving the failure of medical equipment. Ala.Code 1975, § 22-21-268 (emphasis added). When a statute or instrument uses the verb “include” in this manner, it may properly be said to do so not as a word of limitation, but as a word of enlargement. See Prince v. Higgins, 572 So.2d 1217, 1219 (Ala.1990); Achelis v. Musgrove, 212 Ala. 47, 50, 101 So. 670, 672 (1924). In my view, the Certificate of Need Review Board (“the CONRB”) has the discretion, when circumstances warrant, to classify what it determined in this ease to be “an immediate need for [specialty-care assisted-living-facility] beds within the community to prevent the stressful and unnecessary separation of families” as an “unforeseen event” that “endanger[s] the health and safety of ... patients” in this context (§ 22-21-268); further, the record reflects that the CONRB did so in a manner that was consistent with literally dozens of similar emergency certificate-of-need (“CON”) grants by that body. I would affirm the judgment of the circuit court upholding the grant of the emergency CON.